**Eleanor C. BROWN, as Executrix of the Last Will and Testament of William R. Brown, Deceased, Plaintiff-Appellant,**

v.

**WILSON & COMPANY, Inc., Defendant-Appellee.**

**No. 11480.**

United States Court of Appeals Seventh Circuit.

Feb. 23, 1956.

Paul C. Brown, Denver Colo., Theodore F. Bayer, Chicago, Ill., for appellant.

Francis X. Reilly, Jr., Chicago, Ill., Thomas Freeman, Howard C. Parson, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

After summary judgment for defendant, Wilson & Company, Inc., was entered March 31, 1955, a stipulation signed by counsel for both sides concerning various documents, files, letters, memoranda, records and books, was filed April 4, 1955 in the district court. By stipulation plaintiff and defendant admitted the authenticity and genuineness of those documentary items, but they also expressly reserved their rights to object to the admission in evidence of such materials. During the pendency of her appeal in our court, plaintiff moved for leave to file photographic copies of those same documents, stating, *inter alia,* in her motion: "4. The documents have not been considered by the District Court," and "The documents, if considered by this (Seventh Circuit) Court, will show there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law on issue of liability alone, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure [28 U.S.C.A.]." We denied that motion during the summer, well before the time for oral arguments. Nevertheless, plaintiff's brief and argument bristles with purported factual statements drawn from those various documents, which are not part of this record under review. Indeed, counsel for plaintiff has studded her brief with parenthetical notes, following each such recitation of alleged facts, and containing these various phrases: "The production and authenticity of these papers are agreed, but they are not part of the record," "No present record of these letters," and "No present record" (Plaintiff's brief: pp. 9, 10, 11, 12, 13, 14, 28, 30, 32, 37, 39, 53).

We cannot countenance plaintiff's attempt to thrust matters into this appeal in violation of our order denying her motion, and our Rule 16(d). Plaintiff's exhibits listed in, and attached to her motion, are matters outside the record on appeal and for that reason we refrain from considering them. Nor do these exhibits slip into the record through the parties' stipulation, or plaintiff's brief. Black & Yates v. Mahogany Ass'n, 3 Cir., 1942, 129 F.2d 227, 237, 148 A.L.R. 841.

Rather than file a motion to strike plaintiff's brief, defendant elected to file a reply brief, and this brings us to a review of the judgment appealed. Both parties, by their stipulation already mentioned, waived their respective rights to a jury trial. Within the framework of the record before us it is clear that the district judge correctly allowed defendant's motion for summary judgment.

By her complaint, plaintiff (as executrix of her husband's estate) sought recovery of damages from defendant for: (i) its wrongful refusal to pay retirement allowances to plaintiff's deceased husband and, (ii) wrongful cancellation of group life insurance upon her husband's life. Other counts were dismissed by agreement of counsel.

Plaintiff's testator, William R. Brown, commenced working in defendant's legal department during 1909 and remained there until 1939, when he suffered a serious heart attack. Defendant contends that it neither requested nor received legal services from Brown subsequent to his 1939 illness, and plaintiff asserts that her husband continuously performed legal services for defendant until January 1, 1950. But there is no dispute that defendant made payments, to Brown, aggregating at least $99,000 for about 10 years following 1939. These payments were at a rate of approximately $9,000 a year. In substance, as it appears from

the pleadings, affidavits supporting defendant's motion for summary judgment and the trial judge's memorandum, defendant voluntarily made these payments pursuant to its policy of aiding employees, long in its service, and who had become incapacitated.

We agree with and adopt the district judge's conclusion and evaluation of the issues presented by the plaintiff's first count (i, above), wherein he determined the question before him, as follows:

"In the complaint the plaintiff alleges that on January 1, 1949, the defendant adopted an agreement known as 'The Wilson Employees' Retirement Plan', under which the defendant agreed to pay an annual retirement allowance to employees who had reached the age of 65 years. While some of the provisions set out in the complaint do not coincide exactly with those of the Wilson Plan, it is clear that the plaintiff relies on this Plan, a copy of which has been produced by the defendant.

"Under the statement of claim in the complaint, plaintiff appears to seek recovery of the actual pension payments which, she alleges, Brown should have collected. On this theory the plaintiff is absolutely precluded from recovering against Wilson & Co., Inc., by Section 8 of the Plan, which provides in part as follows:

"'All the funds of the Plan shall be held as a special Trust by a Trustee or Trustees appointed from time to time by the Board of Directors of Wilson & Co., Inc., in trust under a trust instrument which shall be a part of the Plan, for use in providing the benefits of the Plan and paying its expenses not paid directly by the Companies; * * * *and the Companies shall have no liability for the payment of benefits under the Plan nor for the administration of the Plan or of the funds paid over to the Trust.'" (Emphasis supplied.)

Cowles v. Morris & Co., 1928, 330 Ill. 11, 161 N.E. 150, relied upon by the court below, and cited to us by defendant, supports the summary judgment on the first count. The italicized words quoted from § 8 of defendant's plan are standing refutation of plaintiff's contention concerning defendant's liability. Her action was brought only against defendant corporation. From our study of the pleadings and documents, properly before us, we think it clear that plaintiff could only address herself to defendant's trust fund for payment of these retirement allowances, yet the trustee was not made a party defendant.

Just recently we handed down an opinion, reported as Emich Motors Corp., etc. v. General Motors Corp., 7 Cir., 229 F.2d 714, treating with the Illinois statute of limitations and the problem of amending pleadings so that such defense could be raised. What we said in that opinion is applicable to plaintiff's contentions centering about the alleged waiver by defendant of that statutory bar. Nor can we say that plaintiff supported her argument that the statute of limitations had been tolled. Here again the findings and conclusions entered below adequately and correctly described the pertinent precedent adverse to plaintiff's position. Plaintiff's "Fourth Count" (item ii, above) was vulnerable to defendant's motion for summary judgment. Actually, and by way of recapitulation, no genuine issue as to any material fact is disclosed by the record. Chambers and Company v. Equitable Life Assur. Soc., 5 Cir., 1955, 224 F.2d 338.

Only a word need be said concerning other points urged by plaintiff. All these matters cumulate into challenges of judicial discretion exercised when denying various motions sponsored by plaintiff. Without more than we found after reviewing this record, such discretion exercised below will be permitted to stand undisturbed.

Accordingly, the judgment of the district court is affirmed.

Affirmed.