BAETEN, Respondent, vs. KAUKAUNA DAIRY COMPANY, Appellant, and 20 other cases.

*June 3—June 26, 1957.*

320

26]

For the appellant there was a brief by *Bradford & Gabert* of Appleton, attorneys, and *Michael, Spohn, Best & Friedrich* of Milwaukee of counsel, and oral argument by *Joseph R. Filachek* of Milwaukee.

For the respondents there was a brief by *Sigman, Sigman & Shiff* of Appleton, and oral argument by *Abraham Sigman*.

CURRIE, J.    None of the 21 plaintiffs was in the employ of the company on the date of May 24, 1951, when the collective-bargaining agreement was entered into between the company and the union. All had been employees at some-time prior to that date, but had quit or been laid off sometime between June 30, 1950, and May 24, 1951. The issue on the merits is whether the amendment of the trust contracted for in such labor agreement applies to these plaintiffs or

whether the same is limited in its application to production employees actually in the employ of the company on May 24, 1951. However, we do not reach such issue because of our conclusion that the plaintiffs have sued the wrong party as defendant.

The company did not undertake by its covenant in the collective-bargaining agreement of May 24, 1951, to itself pay to any of its employees the amounts credited to their accounts with the trust as of June 30, 1950. Instead, the covenant of the company was to amend the trust so as to provide "for the payment to them of their respective shares" as of such date "unreduced by any forfeiture provision" of the trust. Such language is capable of no other reasonable interpretation than that the payment of such trust shares to the employees entitled thereto under such covenant was to be made from the trust and not by the company.

A cause of action would lie against the company if it had breached its covenant to amend the trust in the respect agreed upon. If successful in such a suit, the damages recoverable by the plaintiffs might be measured by the amounts they were deprived from receiving from the trust because of such breach. However, the plaintiffs' complaints are not grounded on such a premise. On the contrary, such complaints specifically allege that the trust was amended pursuant to the labor agreement of May 24, 1951, in the respect agreed upon.

Inasmuch as the company fully performed its covenant to amend the trust as agreed upon, if the plaintiffs have any cause of action, it lies against the trustees of the trust and not the company. We deem it would be improper for us at this time to pass upon the issue of whether the plaintiffs constituted members of the class who were to benefit from the amendment. This is because if the plaintiffs were ultimately to prevail it would be at the expense of the trust accounts of other participants, who would thereby be deprived of the benefit of the forfeiture provisions of the trust otherwise ap-

plicable to the accounts of the plaintiffs when their employment terminated. These other participants are entitled to the representation of the trustees of the trust in combating the claims of the plaintiffs. This was not had in the instant actions.

*By the Court.*—Judgments reversed, and causes remanded with directions to dismiss the complaints.

FAIRCHILD, J. (*dissenting in part*). I agree that the judgments must be reversed because of the absence of the trustees as parties defendant. I do not agree with the direction that the complaints be dismissed.

In order to recover from the defendant company the plaintiffs would have to show (1) that the company agreed with the union to amend the trust so as to provide for distribution to these plaintiffs and (2) that the amendment made by the company did not fulfil the agreement as to these plaintiffs. In order to recover from the trustees, the plaintiffs would have to show that the amendment to the trust did in fact provide for distribution to these plaintiffs. The theory of the plaintiffs seems to be that the amendment did provide for distribution to plaintiffs but that the trust may not be an entirely independent entity and that the failure of the trustees to make distribution constitutes a breach by the company of its contract with the union.

Neither the complaints nor the answers delineate the issues involved and the parties submitted the case to the trial court upon agreed facts. The matter has been briefed and argued by both sides, both in the trial court and here, without attention to the apparent fact that the assets of the trust are at least nominally held by trustees and not by the company. The manner of the submission of the case suggests that the parties were willing to be ruled by substance rather than form. The plaintiffs' claims individually are small, ranging in amount from $85.91 to $387.25, except for two that are

somewhat larger. Every proper effort should be made to avoid fruitless expense. It seems to me that this court should make every determination which it is possible to make upon the present record and then return the matter to the trial court for such further determination as can be made after the trustees are properly impleaded.

In the absence of the trustees as parties, I do not think that the court should determine whether or not the amendment, properly construed, fulfilled the contract, but we can and should make a determination as to whether the contract meant that the company would amend the trust for the benefit of plaintiffs as well as others. In my opinion the trial judge correctly construed the agreement between the union and the company as providing for distribution of the trust to plaintiffs as well as to those employees in the bargaining unit represented by the union who were employees in active service on May 24, 1951, the date of the agreement. The elements of the agreement which bear upon the question are: (1) The date of June 30, 1950, was used as the effective date of the amendment. This suggests that the rights of employees were to be determined as of the effective date of the amendment. If so determined, the plaintiffs were included in the benefits. (2) The amendment was required to provide for payment to all the employees in the collective-bargaining unit represented by the union who were participating or eligible under the plan as of July 1, 1950. The company's argument is that this language restricts the beneficiaries to those who were actively employed at the date of the contract. The record shows, however, that the organization of the production employees of the company took place in September, 1950, and that negotiations between the union and the company on their behalf commenced September 19, 1950, and continued to the date of the agreement; that all the plaintiffs were production employees at the time of organization with two exceptions and that all of the plaintiffs became members of

the union on September 22, 1950, with the two exceptions mentioned and these became members October 19, 1950. In view of the fact that negotiation leading up to the agreement covered so substantial a period, I do not see any implication that "the employees in the collective-bargaining unit represented by the union who were participating or eligible employees under the plan as of July 1, 1950," were restricted to those who were actively working on the date of the contract.

I agree with the reasoning of the trial judge that the portion of the agreement with respect to amendment of the trust contained no expression of a limitation to those employees actively employed on May 24, 1951, but the portion of the agreement relating to a retroactive wage increase provided as follows:

"That the employees in the collective-bargaining unit represented by the company [sic] who are actively employed and working (not laid off, resigned, or discharged) on May 24, 1951, shall receive such wage increase retroactively for all hours worked on and after July 1, 1950."

I would reverse the judgments, approve the determination of the trial court that the company obligated itself to amend the trust to provide for the distribution of benefits to plaintiffs, but leave open the question of whether plaintiffs' rights are against the company or the trustees until, after appropriate proceedings with the trustees as parties defendant, it is determined whether the amendment to the trust does or does not provide for such benefits.