MILES R. MURPHY, appellant, cross-appellee, v. R. J. REYNOLDS TOBACCO COMPANY, appellee, cross-appellant.

No. 52299.

(Reported in 148 N.W.2d 400)

FEBRUARY 7, 1967.

REHEARING DENIED APRIL 3, 1967.

David J. Dutton, Mosier, Mosier, Thomas & Beatty, of Waterloo, for appellant, cross-appellee.

T. M. Ingersoll and Harry E. Wilmarth, both of Cedar Rapids, for appellee, cross-appellant.

MASON, J.—Miles R. Murphy, a former employee of R. J. Reynolds Tobacco Company, brought this law action against it seeking declaratory judgment establishing his rights to disability benefits under an employees' retirement plan created by the company.

Plaintiff alleges in Division I of his petition the creation of the plan, setting forth its terms and provisions; his completion of more than the necessary credited 15 years of service as defendant's salesman; his total incapacity within the meaning of the disability retirement portion of defendant's plan; his application, while still defendant's employee, for disability benefits and the denial thereof.

Defendant's motion to dismiss this division asserts plaintiff failed to state a claim upon which relief can be granted against Reynolds, rule 104(b), Rules of Civil Procedure; the court does not have indispensable parties before it and plaintiff's rights, if any, must be asserted against the trustees and the retirement board provided by the plan and not against defendant.

The court sustained defendant's motion, ruled the retirement board, established to administer the employees' retirement plan, is an indispensable party to the action under rule 25, R. C. P.; in the event plaintiff is unable to acquire jurisdiction of the members of the board, it would dismiss plaintiff's action.

Defendant's motion to make Division II of plaintiff's petition more specific was also sustained, but that matter is not now before us.

Plaintiff's application to this court for permission to take interlocutory appeal was granted. Rule 332, R. C. P. Defendant cross-appealed from the trial court's failure to dismiss the suit as to defendant Reynolds.

I.   The question presented is whether the court erred as a matter of law in ruling that members of the retirement board of the employees' retirement plan are indispensable parties and that unless plaintiff can obtain jurisdiction of these members, his petition will be dismissed.

To answer this question we must determine whether an employee who claims as a beneficiary under a pension plan contain-

ing terms and provisions similar to the one here must bring his suit against the retirement board.

Defendant contends the employee must and it necessarily follows the retirement board is an indispensable party since it represents all participants in the fund and its decision is under attack.

II. In January 1946 Reynolds, a New Jersey corporation with headquarters in North Carolina, voluntarily created an employees' retirement plan. The administration and responsibility for carrying out the plan were placed in the hands of the retirement board consisting of five persons appointed by the company's directors to serve at their pleasure without compensation. The board elects a chairman and secretary who may, but need not, be members of the retirement board, and is obliged to make rules for the administration of the plan and for the transaction of its business. It may appoint committees, employ counsel, agents and such clerical, accounting and actuarial service as needed to carry out the plan.

All contributions to provide the benefits under the plan are made by the company, none by the employees; all contributions are irrevocable and transferred to a trustee under the plan to be used in accordance with the provisions thereof; all assets of the plan are transferred to a trustee to be used only for satisfaction of liability for benefits.

Employees' qualifications for benefits are determined by the retirement board. Qualified employees are limited to the retirement benefits determined by the formula specified in the plan, which excludes any promise or obligation of the company to pay benefits to its employees. In the event of termination of the plan each participant is entitled only to his proportionate share of the assets held in trust.

An employee who serves the company for a certain time may make application and if found by the retirement board to be totally and permanently incapacitated, mentally or physically, from the further performance of his duties, shall be retired and receive a retirement income allowance. Before an employee can receive this disability pension, a physician designated by the

426

board must certify the employee is in fact within the limits of disability stated.

The rule-making power of the retirement board is subject at all times to the plan's limitations as well as any restrictions, requirements or modifications the directors may from time to time impose. The retirement board also determines all questions arising out of or in connection with the plan which are not required to be resolved by the directors.

When the retirement board, acting within the limitations of the plan and the directors' restrictions, requirements and modifications, determines a question in connection with the plan, such determination is deemed conclusive and binding on all persons having an interest in the plan.

Simultaneously with the creation of the plan a trust agreement was executed between Reynolds and Mellon National Bank and Trust Company providing that the bank would act as trustee of "such sums of money and such property acceptable to the trustee as shall from time to time be paid and delivered to the trustee and the earnings and profits thereon." The trustee agreed to hold the trust funds solely "for the exclusive benefit of participants, retired participants and contingent annuitants under the plan and paying the expenses of the plan." The trust agreement further provides the trustee is to pay money to participants only on the order of the retirement board. The trustee is appointed and removed by the directors.

III. Defendant's motion to dismiss and its argument in support of the court's ruling are based, at least in part, on section 8, subsection 7, of the retirement plan which provides:

"The Company shall have no liability for the payment of the benefits under the Plan, nor shall the Company have any liability for the administration of the Plan or of the funds or assets paid over to the Trustee or Trustees, and each participant, retired participant and contingent annuitant shall look solely to the assets of the Plan for any payments or benefits under the Plan."

Defendant argues that under this section of the plan an irrevocable trust fund was created and such right as plaintiff may have is not by way of breach of contract suit against de-

fendant on an alleged contract that does not exist, but is as a beneficiary of the trust to which he shall look for any payments or benefits; therefore, his remedy is an action in equity against the trustee.

Plaintiff contends he is seeking a determination of his rights to benefits under the employees' retirement plan, asserting he has fulfilled all requirements of the pension plan which entitle him to a share of the pension trust; he is not asking that the company pay benefits instead of resorting to the trust fund; the retirement board created by the company under its retirement plan is a mere agent of the corporation subject to the direction and control of the directors. To support this contention plaintiff directs attention to section 6, subsection 7, which provides:

"The Retirement Board, subject to the limitations of the Plan and to such restrictions, requirements or modifications as the Board of Directors may from time to time adopt or impose; shall from time to time establish rules for the administration of the Plan and the transaction of its business and shall make determination of all questions arising out of or in connection with the provisions of the Plan not herein required to be determined by the Board of Directors, and any such determination shall be conclusive and binding upon all persons having an interest in or under the Plan."

He asserts by reason of this section all decisions of the retirement board, like its rule-making powers, are subject to the restrictions, requirements or modifications as the directors from time to time adopt or impose; if the board determines participants claiming disability retirement allowance are not entitled to it pursuant to section 4(3)(a), the directors could overrule the decision and require the board to modify or reverse itself; this retained control indicates the retirement board lacks any independent or final authority.

Plaintiff further asserts the requirement that the board prepare and file with the directors an annual report showing the assets and liabilities of the plan as well as the operation thereof, clearly demonstrates that the directors see themselves as ultimately responsible for the administration of the plan and con-

sider the board subject to their jurisdiction and control; the company has not irrevocably transferred the administration of the plan to the board and is in fact the ultimate arbiter of its retirement plan.

In the prayer of his petition plaintiff requests an order causing the company to compel the trustee to pay him both accrued and future benefits. In argument he contends a judgment against the company would be efficacious in bringing about the retirement allowance without need for further lawsuit.

IV.   The trial court concluded the administration of the plan was irrevocably committed to the retirement board; the board alone had the right to decide whether to grant a pension to plaintiff and violence would be done to the plan if the case was decided without the members of the board; since the company had no personal liability it was in fact disinterested; plaintiff's recovery was limited to the funds administered by the retirement board and its trustee. Since the trustee holding the property acts only on order of the retirement board, a suit against the trust property and the board would doubtless be adequate without joining the trustee and the trustee was not ordered joined.

We do not agree with the court's conclusion that the company is a disinterested party. We prefer plaintiff's contention that by reason of the company's retained control of the board, as set out supra, a judgment against the company would effectively bind the board that acts on its behalf. The court's interpretation of the last clause of section 6(7), supra, which finds any determination of the board shall be conclusive and binding on all persons interested in the plan, fails to give effect to the second clause of the section making any such determination subject to the limitations set forth. Effect must be given to the entire subsection.

V.   Plaintiff is not limited to an action in equity against the trustee as asserted by defendant, but has contractual rights under the plan enforceable by him if he has complied with all its conditions.

We quote from Cantor v. Berkshire Life Ins. Co., 171 Ohio St. 405, 408, 409, 171 N.E.2d 518, 520, 521:

"The concept of employees' rights and of the place of the so-called fringe benefits in relationship to employees' remuneration has undergone a substantial change in recent years.

"Due perhaps to the increased span of life, retirement benefits have assumed a more important role in the consideration of an employee when he accepts employment. Management has recognized this fact and, to encourage career service and to minimize labor turnover which is so costly to industry, has inaugurated retirement programs in addition to Social Security. Some of these programs are supported by joint contributions of the employer and the employee, whereas others, as an inducement to career employment, are supported entirely by the employer.

"When pension programs first came before the courts, pensions were construed primarily as mere gratuities by the employer, subject completely to the will of the employer. Later, as contributing pension systems arose, a distinction was drawn between the contributing and the noncontributing types of plan, the first being held to be a vested right, whereas the latter continued to be construed as a mere gratuity on the part of the employer which could be withdrawn at anytime.

"There has been, however, in recent years a gradual trend away from the gratuity theory of pensions. The courts, recognizing that a consideration flows to an employer as a result of such pension plans, in the form of a more stable and a more contented labor force, have determined that such arrangements will give rise to contractual rights enforceable by the employee who has complied with all the conditions of the plan, even though he has made no actual monetary contribution to the fund."

Although defendant may have created an irrevocable trust fund, it retained control over the actual administration of the plan with power in the directors to terminate it at anytime.

VI. We turn to the problem previously observed, whether the retirement board is an indispensable party to an action seeking a determination of an employee's rights to benefits in the form of his appropriate share of the assets of the plan.

Rule 25(b), R. C. P., defines an indispensable party:

"A party is indispensable if his interest is not severable, and his absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding his absence his interest would necessarily be inequitably affected by a judgment rendered between those before the court."

In the trial court and here plaintiff relies heavily on Muggill v. Reuben H. Donnelley Corporation, 62 Cal.2d 239, 42 Cal. Rptr. 107, 398 P.2d 147, to sustain his contention that the retirement board is not an indispensable party.

In that case Muggill left the employ of Donnelley on July 1, 1960, after meeting all the requirements for benefits under Donnelley's retirement plan. On October 24, 1960, Muggill went to work for one of Donnelley's competitors. On December 5, 1960, the retirement committee notified Muggill that he had been disqualified for benefits under the plan.

Muggill then commenced an action for declaratory judgment against Donnelley, the retirement board and the trustee, seeking reinstatement under the plan on the grounds that the part of the plan under which he was disqualified was void as against public policy.

The trial court held the plaintiff had not obtained jurisdiction over the retirement board or trustee and therefore dismissed the case. The supreme court agreed the court did not have jurisdiction of the members of the retirement board and the trustee for the reason they were nonresidents.

Plaintiff contended the members of the board and trustee were not indispensable parties as contended by defendant. The supreme court in reversing the lower court judgment for defendant stated the rule in the following language:

"Neither the trustee nor the committee members are indispensable parties. An effective judgment ordering plaintiff's reinstatement under the plan and declaring section 2 of article 5 unenforceable can be rendered against the corporation alone.

"The retirement committee need not be separately joined for an effective judgment. In suspending plaintiff the committee acted as an agent of the corporation, which holds the ultimate authority. The committee members, appointed by the corpora-

tion, serve without compensation and at the pleasure of the corporation. A judgment against the corporation effectively binds the committees that act on its behalf. Thus, in an action to compel the declaration of dividends, a judgment against the corporation alone is effective, where the members of the board of directors are not indispensable parties [citing cases]. Likewise, the president or secretary need not be joined in an action against the corporation to compel the execution and delivery of the stock certificate [citing cases]. * * *

"We therefore find no justification for holding that the trustee or the committee members are indispensable parties. The corporation, as the party before the court, will not be prejudiced by a judgment, since it has authority to control the action of the nonparties. Their interests will not be inequitably affected, because they have no personal interest at stake and can safely follow the judgment," from pages 241, 242 of 62 Cal.2d, pages 148, 149 of 398 P.2d.

The trial court in considering the Muggill case attempts to distinguish it from the case at bar by pointing out three aspects allegedly not present here. Though we have considered each aspect, none in our opinion detracts from Muggill as the authority for the position we take.

As supporting the court's order that the retirement board is an indispensable party, defendant cites Brown v. Wilson & Company (1956, CA7 Ill.), 230 F.2d 280; Ball v. Victor Adding Machine Co. (1956, CA5 Tex.), 236 F.2d 170; and Baeten v. Kaukauna Dairy Co., 1 Wis.2d 319, 84 N.W.2d 79. These cases were also cited in the court's order. Both parties cite the Ball case. We think these cases are distinguishable from the case at bar.

■ VII. We hold that the members of the retirement board appointed under defendant's retirement plan are not indispensable to this action and need not be made parties defendant.

The case is affirmed on defendant's cross-appeal; reversed and remanded on plaintiff's appeal with directions to proceed in arriving at the issue for trial on its merits as against R. J. Reynolds Tobacco Company.—Affirmed in part; reversed and remanded with directions.

GARFIELD, C. J., and SNELL, MOORE, RAWLINGS and BECKER, JJ., concur.

LARSON, J., dissents.

STUART, J., takes no part.

THORNTON, J., not sitting.