**Patrick Edwin GOLDEN, Jr.**

v.

**KENTILE FLOORS, INC., et al.**

**Civ. A. No. 14404.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 17, 1971.

---

McClain, Mellen, Bowling & Hickman, Atlanta, Ga., for plaintiff.

Mitchell, Pate & Anderson, Atlanta, Ga., for Kentile Floors, Inc.

King & Spalding, Atlanta, Ga. and Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for Manufacturers Hanover Trust Co.

## ORDER

Plaintiff brings this action for recovery of proceeds under defendant's profit sharing plan. He sues the employer, the Profit Sharing Committee and the trustee under the plan. Defendants have moved the Court to dismiss for lack of jurisdiction and for improper venue. This is the status of the case before the Court at this time.

It appears that plaintiff, a Georgia citizen was an employee of Kentile Floors, Inc., a New York domiciled corporation, for a period of approximately 20 years, from October 1949 until December 1969. In 1953, Kentile established a profit sharing plan for salaried employees, of which plaintiff was eligible for membership. Since plaintiff was in defendant's employ while the plan was in effect for about 17 years, he alleges that he was due $28,701.12 in benefits. Plaintiff resigned from Kentile effective December 5, 1969. On December 17, 1969 he requested that the Profit Sharing Committee pay to him in a lump sum his proportionate share of the trust fund held by defendant Hanover. In April 1970, plaintiff was advised that plaintiff had violated the conditions of the plan by entering the employ of Commander Carpet Mills, Inc. of Cartersville, Georgia, which the Committee considered a competitor. He was advised that he would forfeit his share of the fund if he did not terminate his employment with Commander within five days.

Plaintiff brought this action to recover his alleged share of the fund after his refusal to resign from Commander was determined by the Committee as operating as a forfeiture.

In suing the former employer and the trustee, plaintiff also joined two known members of the Profit Sharing Committee, David O'D. Kennedy, President of Kentile and Chairman of the Committee and Miss C. W. Kelly, Secretary of the Committee. Both are residents of New York. Plaintiff intended to join the other three members of the Committee upon learning their identities. An affidavit by Irving R. Krosner, general counsel for Kentile indicates that Joseph L. Kolcyski is a New York resident, being employed by Kentile. So also is Kelly. James D. Miller, a New York resident is employed elsewhere as is Hilbert I. Trachman, member of the law firm which represented Kentile.

Manufacturers Hanover Trust Company, a Delaware corporation has its principal place of business in a place other than Georgia, although it has a registered agent in Atlanta, Georgia, upon whom process was perfected. Kentile is a New York corporation, but also has the required agent upon whom process was served.

The parties defendant contend that the action should be dismissed because Kennedy and Kelly were never properly served with process. They contend that the members of the Profit Sharing Committee are indispensable parties under Rule 19, F.R.Civ.P., and not being before the Court jurisdictionally, the action against Kentile and Manufacturers Hanover must necessarily be dismissed. Defendants do not contest the jurisdiction of the Court over Kentile and Manufacturers Hanover.

Plaintiff argues that the members of the Committee are not indispensable, but are parties which may be permissibly joined under Rule 19. The motions were filed by all parties defendant on January 13, 1971. Plaintiff filed his reply brief on February 5, 1971. On February 18, plaintiff voluntarily dismissed his cause against Kennedy and Kelley without prejudice in accordance with Rule 41(a)(1)(i). F.R.Civ.P.

The motions now stand for rulings.

The question as to jurisdiction over the members of the Committee is now moot with the dismissal of the action against them. The Court is faced with the single question of whether said members are indispensable parties to this action.

Defendant Manufacturers Hanover, the trustee under the plan, argues that the members of the Committee are indispensable since they are charged with the administration of the plan. Article VIII, Section 4 charges the Committee with the duties of interpreting and construing the Plan, determining all questions of eligibility and of the status, rights and shares of the eligible members, and generally to decide any disputes arising under the plan.

Article VIII, Section 1 provides that the Committee shall have complete control and authority to determine the rights and interests of all interested parties to the plan. The Trustee has no discretion or authority to question or examine the directions given it by the Committee.

However, Section 1, Article VIII establishes the right of Kentile to appoint and remove the members of the Committee. The status of the members is conditioned upon the will of the Board and they may be removed with or without cause.

Section 9 of Article VIII states that the employer, Kentile, shall have the right on behalf of all parties having an interest under the plan or trust fund to approve any action taken or omitted by the Committee or any member thereof. In summary, the Employer has a great deal of control over the Committee. The Committee is not completely independent of Kentile under the provisions of the Plan. All parties composing the Committee are directly related to the Employer. Kennedy, the Chairman of the Committee, is President of Kentile and a member of its Board of Directors. Kolcyski is a Vice-President of Kentile. Miss Kelly is an employee closely positioned in her work to Kennedy. Trachman is one of the corporation's attorneys and Miller is with the company's accounting firm as well as being on its Board of Directors.

The Employer has agreed under Article VIII, Section 10 to indemnify and save harmless all members of the Committee for any liability done by or omitted by either or all, except for willful misconduct.

There has been no evidence or argument by defendants to suggest the Committee's independence of the control and authority of the Employer, Kentile. Upon the basis of the provisions presented in the Profit Sharing Plan and the fact that all members of the Committee are in close proximity with the corporation, the Court finds that the Committee members are agents of the corporation subject to its control and direction.

Plaintiff has presented authority to the Court indicating that such agents are not indispensable parties to a suit against the principal. The Court is in agreement with that authority.

Where the members of such a committee were subject to the absolute removal by the employer, it was held that they were agents of the employer and were not indispensable parties. Ball v. Victor Adding Machine Company, 5th Cir., 1956, 236 F.2d 170.

The Trial Court in the federal district where Kentile and the members of the

Committee are located by reason of employment, held that where the trustees under a profit sharing plan were agents, officers or directors of the employer, there was only a legal fiction as to their status as trustees. There the trustees served at the pleasure of the corporation as in the *Ball* case and *instanter*. The Court in that New York case held that the corporation was the proper party defendant in a suit by a former employee to recover his share under a similar plan. The trustees in that decision were found not to be indispensable parties under those circumstances. See Gould v. Continental Coffee Company, S.D., N.Y., 1969, 304 F.Supp. 1.

The members of the Committee in that instant case are not indispensable. Since the action against Kennedy and Kelly has been voluntarily dismissed, no action is required thereon. The motions to dismiss for lack of jurisdiction and improper venue are denied.