GUENTER F. SCHANK *vs.* HEBERT MACHINERY COMPANY,
INC. & others
(and a companion case[1]).

Essex.    January 13, 1977. — April 11, 1977.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Master: hearing on draft report; Notice; Parties.
*Notice.*

Where the defendants in a civil action heard by a master did not re-
ceive timely notice of a hearing on the master's draft reports on
account of the master's failure to put sufficient postage on the en-
velopes containing the notice, and where the defendants made timely
objection to the failure to receive a hearing, the case should have
been recommitted to the master for a hearing in which the defend-
ants could suggest alterations and file preliminary objections to the
draft reports.  [221-222]
In actions by plaintiffs seeking to establish their rights in a corpora-
tion's profit sharing trust, there was no support in the record for
the defendants' contention that the members of the trust committee
were indispensable parties to the action.  [222-223]

Two BILLS IN EQUITY filed in the Superior Court on
November 19, 1973, and November 28, 1973, respectively.

The cases were heard by *McNaught,* J., on reports of a
master.

*John M. Russell, Jr.,* for the defendants.
*Richard M. Riley* for the plaintiffs.

BROWN, J.   The plaintiffs brought these actions under
G. L. cc. 231A and 214 seeking to establish their respective
rights in a profit sharing trust that had been set up by
their former employers, Hebert Machinery Company, Inc.,
and R. A. Hebert Machine Tool Co., Inc.[2] The cases were

---

[1] Hans D. Heller *vs.* Hebert Machinery Company, Inc. & others.

[2] In 1969 the two corporations merged and continued doing business
as the R. A. Hebert Machine Tool Co., Inc. These corporations will

tried before a master who found for each plaintiff. No hearing was ever held on either of the master's draft reports because the defendants did not receive notice of the hearing thereon until July 17, 1975, two days after the date set for the hearing. The reason for the delay was that the notice to the defendants was mailed with insufficient postage. The final reports of the master were filed on July 17, 1975.

On July 29, 1975, the defendants in each case moved to recommit on the basis that they had not had the opportunity to suggest alterations and file preliminary objections to the master's reports. The motions were denied. The defendants thereafter moved to strike the master's reports, and filed affidavits citing alleged errors in the master's reports that they had not been allowed to present to the master. The defendants also moved both to dismiss on the basis of the plaintiffs' failure to join indispensable parties, and for judgment on the merits. All the defendants' motions were denied, and the trial judge entered judgment for each of the plaintiffs on the basis of the master's reports.

1. The defendants contend that, because of the delay due to the master's failure to put sufficient postage on the envelopes in which notices of a hearing on the master's draft reports were contained, they were denied their rights to suggest alterations and file objections to the draft reports. Rule 49, § 7, of the Superior Court (1974). Mass.R.Civ.P. 53(e)(5), 365 Mass. 820 (1974). Compare Fed.R.Civ.P. 53(e)(5). The defendants argue that either the master or the judge should have set a new date for a hearing on the master's reports, or, in the alternative, the judge should have struck the master's reports.

Nothing in Rule 49, § 7, or in Mass.R.Civ.P. 53(e)(2)

---

subsequently be referred to as the defendant corporation. The First National Bank of Boston (bank), trustee of the Hebert Companies Profit Sharing Trust, was also named in the complaints as a defendant. The complaints were subsequently amended by the plaintiffs to make Raymond A. Hebert (Hebert), in his role as a member of the trust committee, a party defendant.

and (5), 365 Mass. 820 (1974), requires us to hold that a party has waived his right to a hearing on the draft report or to file preliminary objections thereto by his failure to file objections to the final report, provided that he has made timely objection to his failure to receive a hearing on the draft report. See generally *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 187-190 (1976). In the instant case the defendants seasonably filed objections which informed the master of the fact that they had failed to receive timely notice of the hearing on the draft reports. We conclude that the case should have been recommitted to the master for a hearing in which the defendants could suggest alterations and file preliminary objections to the draft reports.

2. The defendants also contend that the members of the profit sharing trust committee[3] are indispensable parties to this action, and that the plaintiffs' failure to join them should result in the dismissal of the action. The master found that this committee is appointed by the board of directors of the defendant corporation, which in turn is controlled by Hebert, the owner of ninety-eight percent of the outstanding shares of stock of the corporation. The defendants argue that only Hebert was joined as a member of the committee and that complete relief cannot be afforded the plaintiffs unless the other two members of the committee are joined (Mass.R.Civ.P. 19, 365 Mass. 765 [1974]) because only the committee consisting of three persons can authorize the bank to disburse the money in its possession. In similar circumstances, many cases have held that a judgment against the defendant corporation will effectively bind the committee and that the members of the committee are not indispensable parties to the action. See, e.g., *Ball* v. *Victor Adding Mach. Co.* 236 F. 2d 170, 174 (5th Cir. 1956); *Gould* v. *Continental Coffee Co.*

---

[3] The master made the following subsidiary finding: "The Profit Sharing Trust provides that the Board of Directors of the corporation(s) shall appoint a Profit Sharing Trust Committee, consisting of three persons, which shall have power to determine all questions that shall arise thereunder."

304 F. Supp. 1, 2-3 (S.D.N.Y. 1969); *Golden* v. *Kentile Floors, Inc.* 52 F.R.D. 386, 388 (N.D. Ga. 1971); *Soar* v. *National Football League Players' Assn.* 65 F.R.D. 531, 537 (D.R.I. 1975); *Muggill* v. *Reuben H. Donnelley Corp.* 62 Cal. 2d 239, 241-242 (1965); *Murphy* v. *R.J. Reynolds Tobacco Co.* 260 Iowa 422, 430-431 (1967); *Food Fair Stores Inc.* v. *Greeley,* 264 Md. 105, 113 (1972); *Ennis Business Forms, Inc.* v. *Gehrig,* 534 S.W.2d 183, 190 (Texas Civ. App. 1976). But see *Van Pelt* v. *Berefco, Inc.* 60 Ill. App. 2d 415, 430 (1965). We have no basis in the present case for deciding this question. The record, as reflected in the appendix before us, does not even contain the trust agreement so as to enable us to determine what the rights and duties of the members of the trust committee are. For all that appears from the present record, the members of the trust committee may be nothing more than mere agents of the corporation. See *Ball* v. *Victor Adding Mach. Co., supra,* at 175-176 (Cameron, J., concurring). In these circumstances we have nothing before us which suggests that the judge erred in ruling, implicitly, that the other members of the trust committee were not indispensable parties. Compare *Farley* v. *Sprague, post,* 799, 800 (1977).

3. In view of the fact that the master's reports will be subject to change, we choose not to discuss the merits of the cases at this time.

The Superior Court is to recommit the cases to the master for a hearing on his draft reports.

*So ordered.*