COLEMAN, Appellant, v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Respondent.

No. 75-608. Argued September 2, 1977.—
Decided November 1, 1977.
(Also reported in 259 N. W. 2d 66.)

312

313

For the appellant there were briefs by *John L. Becker, Becker, Kinnel, Doucette & Mattison,* and oral argument by *John L. Becker,* all of Milwaukee.

For the respondent there was a brief by *James G. Howard* and *Binder, Zirbel & Howard,* and oral argument by *James G. Howard,* all of Milwaukee.

HANLEY, J. This appeal presents two issues for determination:

1. Is a motion for summary judgment procedurally correct to put at issue the question of proper party-defendant?

2. Is the employer, under the instant profit sharing plan and trust agreement, a proper party-defendant?

*Propriety of Motion for Summary Judgment*

The plaintiff contends that a motion for summary judgment was not the correct procedure to place the issue of proper party-defendant before the trial court. He further contends that by attempting to raise this issue by a motion for summary judgment instead of by demurrer, the defendant has in effect admitted that it is a proper party-defendant.

This action was commenced on March 22, 1974 and the judgment was entered December 9, 1975. Therefore, the procedural matters of this case are governed by the former Wisconsin Rules of Civil Procedure. Sec. 801.01 (3), Stats. (1975).

There are numerous decisions of this court in which the proper use of summary judgment is discussed. Sum-

mary judgment is a drastic remedy which should not be granted when the material facts are in dispute or when undisputed facts permit inconsistent inferences as to the necessary ultimate facts. *Federal Deposit Insurance Corp. v. First Mortgage Investors*, 76 Wis.2d 151, 250 N.W.2d 362 (1976) ; *Commercial Discount Corp. v. Milwaukee Western Bank*, 61 Wis.2d 671, 214 N.W.2d 33 (1974). It has generally been viewed as no substitute for demurrer. *Commercial Discount Corp. v. Milwaukee Western Bank, supra; Capt. Soma Boat Line, Inc. v. Wisconsin Dells*, 56 Wis.2d 838, 203 N.W.2d 369 (1973) ; *Munyon v. Moe*, 46 Wis.2d 629, 634–35, 176 N.W.2d 324 (1970). However, this court has said:

"While the motion for summary judgment is not a substitute for demurrer this court must 'initially examine the pleadings to determine the controlling issue or issues of law *in order to determine whether the facts in dispute, if any, are material. . . .* In such an examination the pleadings are to be given a reasonable and liberal construction. . . . Where there is no issue of fact that should be tried or *where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used.*'" *Commercial Discount Corp., supra* at 675–76, quoting *Capt. Soma Boat Line, Inc. v. Wisconsin Dells, supra.* (Emphasis supplied).

Therefore, this court has held that it is proper for a trial court to grant summary judgment where there are no disputed questions of fact that would be material to the issue of the construction of a written document. *Matthew v. American Family Mut. Ins. Co.*, 54 Wis.2d 336, 342, 195 N.W.2d 611 (1972) ; *Pattermann v. Whitewater*, 32 Wis.2d 350, 359, 145 N.W.2d 705 (1966).

Coleman contends that competing motions for summary judgment must be determined simultaneously, and that the trial court erred in treating the defendant's motion as a demurrer. Under the provisions of sec. 263.06,

Stats. (1973), Coleman's position is correct that a demurrer to the complaint would have been appropriate under the substantive law applied by the trial court. However, we think if under the appropriate law it appears the plaintiff has sued the wrong party, it should make no difference that this determination is made on a motion for summary judgment rather than on demurrer; the determination is no less dispositive of the action. This court, in *Marshall v. Miles*, 54 Wis.2d 155, 160–61, 194 N.W.2d 630 (1972), indicated that the procedure to be followed by a trial court in determining the propriety of granting a motion for summary judgment begins with an "examination of the pleadings to determine whether a cause of action has been stated."

Therefore, the pertinent inquiry is whether the trial court identified and applied the appropriate law in determining whether Merrill Lynch was a proper party-defendant to this action.

*Proper Party-Defendant*

The trial court relied upon *Baeten v. Kaukauna Dairy Co.*, 1 Wis.2d 319, 84 N.W.2d 79 (1956) and *Brown v. Wilson & Co.*, 230 F.2d 280 (7th Cir. 1956) in determining that Merrill Lynch was not a proper party-defendant to this action.

In Baeten, the plaintiffs brought actions against their common employer to recover various amounts credited to their respective accounts in a profit sharing plan. Under the terms of this plan, the employer made contributions to a trust, which were then allocated by the trustees to the accounts of the various participating employees. The trustees were given broad powers of investment. Although no part of the trust assets could ever be directly or indirectly returned to the employer, the employer did retain the right to amend the trust. During the period in question, the employer had amended the plan to reflect wage increases brought about by a collective bargaining

agreement. The plaintiffs, no longer in the defendant's employ, brought actions to recover amounts credited to their accounts under the amendment. Under these circumstances, this court held that the plaintiffs had sued the wrong party.

*Baeten* bears striking similarities to the instant case. First, with respect to the integrity of the contributions, the plan in *Baeten* provided that the employer would make contributions to a trust which under no circumstances could be directed to purposes other than the exclusive benefit of the participating employees and their beneficiaries. Article 13.1 of the Merrill Lynch plan provides in part:

"Trust Fund.
"13.1 Neither principal nor income of the Trust Fund shall be used for any purpose other than the exclusive benefit of participants and their beneficiaries."

Second, with respect to the powers of the trustees, the plan in *Baeten* granted the trustees the power to invest the trust funds and any income derived therefrom. Article 2 of the Merrill Lynch plan establishes a committee to administer the plan whose function it is to invest the trust fund as well as determine the eligibility of participants. Third, with respect to the control retained by the employer over the plan, the *Baeten* plan provided that it could be amended by the employer so long as the amendment did not divert trust funds away from the participants. Article 20.1 of the Merrill Lynch plan likewise provided for employer amendment.

Finally, the contentions of the respective plaintiffs in these cases are not dissimilar. Coleman asserts that Merrill Lynch, by virtue of its powers to appoint, remove without cause, and substitute administrative members and trustees as well as the right to terminate the plan and trust, retained such control as to extinguish the legal

distinction between the employer and the trust. This same contention was made by the plaintiffs in *Baeten*.

The other authority on which the trial court relied was *Brown v. Wilson & Co., supra*. Applying Illinois law, that court held that a widow of one of the defendant's employees was absolutely precluded from recovering against the company by a provision of the plan which expressly provided that the employer should have no liability for the payments to beneficiaries. Similar language is found in Article 18.1 of the Merrill Lynch plan.

Notwithstanding these decisions, Coleman urges this court to find Merrill Lynch a proper party-defendant because of its control over the plan, trust, committee members and trustees. He cites authority of other jurisdictions in support of this argument. In *Food Fair Stores, Inc. v. Greeley*, 264 Md. 105, 282 A.2d 632 (1972), the Maryland court held that the committee administrating its retirement plan was a mere agent of the company by reason of the company's ability to select and discharge committee members without cause, its ability to terminate the plan, and its right to have any monies owed to it by an employee taken out of his benefits. Of this agency theory, the court stated:

"[W]e are of the opinion that Food Fair is in a position to have the Committee direct the Trustee to pay any judgment obtained by an employee against it, resulting from the withholding of funds due an employee under the Plan, and for which funds are available under the Plan." Food Fair Stores, Inc. v. Greeley, 285 A.2d at 637.

The fact that the plan in this case permitted the employer to invade the employee's account to satisfy his debts to the company was apparently a significant factor in the Maryland court's reasoning. Because the Merrill Lynch Plan unambiguously prohibits similar invasions, we believe this case must be distinguished.

Coleman also cites *Murphy v. R. J. Reynolds Tobacco Co.*, 260 Iowa 422, 148 N.W.2d 400 (1967), wherein the plaintiff sought a declaratory judgment of his rights to disability benefits under the employer's retirement plan. This, however, was not a suit for a money judgment as is the instant case.

Other recent federal cases cited by the appellant likewise are not applicable to the instant case because they did not involve the issue of proper party-defendant.

That the Merrill Lynch Profit Sharing Plan was intended to create a legal distinction between the company and the administration of the trust is made clear by Article 5.2 of the Plan, which provides in part: "The Committee shall have complete control and authority to determine the rights and interests of all persons in the Trust Fund or under the Plan, and the Trustees shall have no duty to question any direction given by the Committee to the Trustees." This provision also clearly states that the administrators of the Plan and the trustees will be made parties to an action affecting the trust fund:

"In any action or proceeding affecting the Trust Fund the only necessary parties shall be the Corporation, the Committee and the Trustees, and no other person shall be entitled to any notice or process."

Following the rationale of *Baeten* and *Brown* and finding the provisions of this Profit Sharing Plan unambiguous, we hold that the defendant Merrill Lynch is not a proper party to this action and that the judgment of the trial court must be affirmed.

*By the Court.*—Judgment affirmed.