COMMONWEALTH *vs.* DAVID ROSENFIELD.

Plymouth. April 16, 1985. — May 28, 1985.

Present: ARMSTRONG, ROSE, & FINE, JJ.

*Practice, Criminal,* Appeal, District attorney, Dismissal. *District Attorney.*

Where an assistant district attorney had signed a notice of appeal from a District Court order dismissing a criminal complaint and the notice was filed two days after the order of dismissal, the requirement of Mass.R.Crim.P. 15(a) (3) was satisfied without the filing of a separate document signifying authorization for the appeal. [127]

An attorney for the Department of Public Welfare could properly represent the Commonwealth in a nonsupport prosecution. [127-128]

On appeal from an order by a District Court judge dismissing a criminal complaint charging the defendant with failure to support his wife and child in violation of G. L. c. 273, § 1, the record was insufficient to demonstrate error, especially since there was nothing to show what took place at a long bench conference immediately preceding the dismissal. [128-129]

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on November 3, 1983.

The case was ordered dismissed by *Paul E. Ryan*, J.

*Glen P. Fealy* for the Commonwealth.

*Richard J. Hayes*, Committee for Public Counsel Services, for the defendant.

FINE, J. This is an appeal by the Commonwealth from the dismissal by a District Court judge of a complaint for nonsupport. On November 3, 1983, a complaint issued charging the defendant with failure to support his wife and minor child during the period between August 12, 1983, and November 3, 1983, in violation of G. L. c. 273, § 1. The complaint was sought by an employee of the Department of Public Welfare. Following arraignment and numerous continuances, the case was scheduled for trial on December 4, 1984, along with another complaint charging the defendant with threats against his wife.

We have before us a transcript of the December 4, 1984, hearing. The defendant was present with counsel. No appearance had been filed on behalf of the Commonwealth. When the case was called, an assistant district attorney, Mr. Marshall Johnson, advised the judge that the Commonwealth's witnesses were present but that the defendant's attorney wished to be heard. Defense counsel requested that the cases be dismissed because the defendant and his wife had reached an agreement in Probate Court on November 5, 1984, resolving the support dispute and calling, among other things, for the wife to dismiss any claims she had against the defendant in the District Court. Mr. Johnson responded that he was not aware of the legal effect of the agreement. Further, he said that he had no knowledge concerning the nonsupport complaint, that he thought another assistant district attorney (Mr. Snow) would be prosecuting it, and that, regardless of whether the defendant was in arrears of the Probate Court support order, the complaint should be either prosecuted or dismissed on its own merits. He added that he had conferred with the wife and that she did not desire to have the charges dismissed. Defense counsel pressed his point. After some discussion, the judge asked to see Mr. Johnson and defense counsel at the bench, whereupon a "long, inaudible conversation" ensued.[1] Next, the clerk announced the dismissal of the nonsupport complaint. The judge remarked, "Madam, you have your remedy in Probate Court. You have an agreement." Thereupon, Mr. Glen P. Fealy, attorney for the Department of Public Welfare, asked to be heard. He identified himself and objected to the dismissal. The judge noted his objection and proceeded to consider the complaint that charged the defendant with threats.

On December 6, 1984, a notice of appeal was filed on behalf of the Commonwealth of Massachusetts, Department of Public Welfare. The notice of appeal was signed by Mr. Fealy and by Mr. Snow, an assistant district attorney.[2]

---

[1] We fail to see what purpose an unrecorded bench conference could have served in a criminal case without a jury. District Court Supp. R. Crim. P. 9 (1981).

[2] Subsequent to the filing of briefs in this court, the defendant moved to strike the Commonwealth's brief for noncompliance with Mass.R.A.P.

Although we agree with the Commonwealth on several of the points argued, the appeal fails because, in the absence of a transcript or other evidence of what was said during the bench conference, the record is insufficient to establish to our satisfaction that there was error. It may be that resort to Mass. R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), would have remedied this defect. This rule allows an appellant to file a statement of the proceedings from the best available means (including his recollection) where no report of the proceedings has been made. The appellee may then file objections or proposed amendments, and the lower court resolves any dispute between the parties. Alternatively, under Mass.R.A.P. 8(e), *id.* at 934, the Commonwealth could have asked the defendant to stipulate what was said at the bench conference or moved for the District Court, this court, or a single justice of this court to modify the record.

1. *The appeal.* We agree with the Commonwealth that the appeal is properly before the court. There was timely compliance with Mass.R.Crim.P. 15(a) (3),[3] 378 Mass. 883 (1979), inasmuch as a notice of appeal signed by an assistant district attorney was filed two days after the order of dismissal. The purpose of the rule is to discourage frivolous appeals, and the assistant district attorney's signature implied the necessary authorization. See *Commonwealth* v. *Marchionda,* 385 Mass. 238, 241-242 (1982). The filing of a separate document signifying authorization for the appeal was not required either by the provisions of the rule or in order to satisfy the purpose behind the rule.

2. *The right of an attorney for the Department of Public Welfare to prosecute.* A district attorney had discretion to per-

---

16(e), as amended by 378 Mass. 940 (1979). The defendant's contention that the Commonwealth's brief is not in compliance with that rule is correct. However, we have elected not to strike the entire brief but only to disregard those offending portions cited in the defendant's motion.

[3] Rule 15(a) (3) (B) provides that appeals from pretrial orders in criminal cases in a District Court must be approved by the district attorney or the Attorney General, and "[a] signed authorization for the appeal must be filed with the court within three days after the decision of the judge or within such other time as the judge may allow."

mit persons other than assistant district attorneys to prosecute criminal cases in a District Court. *Burlington* v. *District Attorney for the No. Dist.*, 381 Mass. 717, 720 (1980). Consequently, contrary to the defendant's contention, Mr. Fealy, an attorney for the Department of Public Welfare, could properly represent the Commonwealth in a nonsupport prosecution. General Laws c. 18, § 21, as appearing in St. 1977, c. 925, provides subrogation rights to the Department and authorizes it "in its own name [to] apply for a complaint and initiate nonsupport proceedings in the appropriate district court under [G. L. c. 273, § 1]." Apparently this was a case in which the Department had provided welfare benefits to the wife for which it was seeking reimbursement. Certainly, in light of the Department's interest in the support matter, any exercise of discretion by the district attorney to permit Mr. Fealy to represent the Commonwealth would have been reasonable.

3. *The propriety of the dismissal.* We agree with the Commonwealth that it would have been error for the judge to dismiss the complaint on discretionary grounds over the objection of the Commonwealth "in the absence of an adversary proceeding" (*Commonwealth* v. *Brandano*, 359 Mass. 332, 335-336 [1971]); to dismiss it, over objection, on the ground that the defendant and his wife had resolved their differences over support and reached an agreement in the Probate Court (G. L. c. 273, § 1); or to dismiss it, over an objection based upon the failure of the moving party to file in a timely fashion a motion to dismiss the criminal complaint, supported by an affidavit. G. L. c. 277, § 47A. Mass.R.Crim.P. 13(c), 378 Mass. 872 (1979). *Commonwealth* v. *Zannino*, 17 Mass. App. Ct. 73, 79-80 (1983). The difficulty, as we have indicated, is that we do not know what transpired during the long crucial bench conference immediately preceding the dismissal. We can only speculate as to what was said by Mr. Johnson, who was present at the bench representing the Commonwealth in the nonsupport matter. Nothing that he had said or done up to the time of the bench conference constituted either a clear cut statement that he was not representing the Commonwealth in the case or an unequivocal objection to the dismissal. Nor did anything he

said constitute an objection to the hearing of the dismissal without the defendant's having filed an appropriate motion and affidavit.

It is the Commonwealth's burden on appeal to demonstrate error and to provide us with a record which shows such error. See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 472-473 (1975); *Schank* v. *Hebert Mach. Co.*, 5 Mass. App. Ct. 220, 223 (1977); *Commonwealth* v. *Errington*, 14 Mass. App. Ct. 733, 741 (1982). We can only guess on the present record what attitude Mr. Johnson conveyed concerning dismissal of the nonsupport complaint during the bench conference.[4] In the absence of an objection, the judge had the authority to weigh all of the circumstances, including the events in the Probate Court, and to exercise his discretion whether to dismiss the complaint. Mr. Fealy's oral objection after the dismissal, which objection included neither a statement of the basis for the objection nor a clear indication that he was representing the Commonwealth, was both too general and too late.

> *Order dismissing complaint*
> *affirmed.*

---

[4] We have considered whether to remand the case for a hearing to determine what was said during the bench conference, but, because of the volume of criminal cases at the District Court level, we have rejected that alternative, as a practical matter, as not likely to be productive.