DUPUIS, by Guardian *ad litem,* and others, Appellants, v. GENERAL CASUALTY COMPANY OF WISCONSIN, Respondent.*

*September 6—October 3, 1967.*

* Motions for rehearing denied, with costs, on November 28, 1967.

**44**

For the appellants there was a brief by *Arlo A. McKinnon,* guardian *ad litem,* attorney, and *George P. Kersten* of counsel, both of Milwaukee, and oral argument by *Mr. McKinnon.*

For the respondent there was a brief by *deVries, Hollander & Vlasak* of Milwaukee, and oral argument by *Arthur J. Vlasak.*

HANSEN, J. The issues for decision on this appeal are:

(1) Was the prospective abrogation of parent-child tort immunity a proper application of Wisconsin common law regarding the effect of judicial decisions?

(2) Does such limitation violate the Wisconsin constitution as an improper exercise of judicial power?

(3) Does such limitation violate art. IV, sec. 4, and the seventh and fourteenth amendments of the United States constitution?

In *Goller v. White, supra,* this court abrogated the immunity of a parent in a child-parent tort action, but

made the change prospective only, except for the *Goller* case itself. As to all other cases, the change was "limited to causes of action arising on or after June 28, 1963."

The plaintiffs here ask this court to overrule that portion of the *Goller* decision which would limit the change to causes of action arising on or after June 28, 1963, and in effect make the abrogation of the parental-immunity doctrine retroactive.

Inherent in a court declaring that a decision should apply prospectively only is a determination that a compelling judicial reason exists for doing so. In many of the cases previously decided which apply this principle, one of the important compelling judicial reasons which has been considered is what has been referred to as the reliance factor, *i.e.,* that the parties involved had relied upon the immunity doctrine and that to make a decision effective retroactive would manifestly adversely affect great numbers of individuals and institutions that had correctly relied upon their expressed immunity in the conduct of their affairs. *Kojis v. Doctors Hospital* (1961), 12 Wis. 2d 367, 107 N. W. 2d 131, 107 N. W. 2d 292 (charitable immunity) ; *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618 (municipal immunity) ; *Widell v. Holy Trinity Catholic Church* (1963), 19 Wis. 2d 648, 121 N. W. 2d 249 (religious immunity).

In the supplemental opinion in *Goller, supra,* this court found that there were compelling reasons for making this change in the existing law prospective only. We do not deem it necessary for the court to specifically set forth its reasons for so finding. Also, the determination made in *Goller* was subsequently passed upon with approval by this court. *Ertl v. Ertl* (1966), 30 Wis. 2d 372, 141 N. W. 2d 208.

As declared by the trial court, the elements of order, system and predictability are to be considered in determining that a compelling judicial reason exists for

making a court decision prospective only. In the instant case, the reliance factor is also an element. This includes due consideration of the protection of *prior rights*. The appellants lost nothing as a result of *Goller*. They simply remain in the same position they were in before the decision. However, even though *Goller* had been construed to be retroactive, someone else would have found themselves in the same position as appellants only under less fortunate circumstances. In such case the statute of limitations [1] would undoubtedly control the limitation on such a cause of action. This limitation would generally be one year after the minor attained majority.[2] This alone would present almost insurmountable problems of proof in many instances, both from the standpoint of plaintiffs and defendants.

We again affirm that there were and are just and compelling reasons for making this change in existing law prospective only and as of the date stated in *Goller, supra.*

It has many times been determined that an appellate court has the authority to modify and change the common law. *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N. W. 2d 105; *State v. Esser* (1962), 16 Wis. 2d 567, 115 N. W. 2d 505, and authorities therein cited. To do so is not contrary to any of the provisions of the Wisconsin constitution.

In *Bielski v. Schulze, supra* (p. 11), it was stated:

". . . Inherent in the common law is a dynamic principle which allows it to grow and to tailor itself to meet changing needs within the doctrine of *stare decisis*, which, if correctly understood, was not static and did not forever prevent the courts from reversing themselves or from applying principles of common law to new situations as the need arose. . . ."

[1] Sec. 893.33, Stats.

[2] *Grummitt v. Sturgeon Bay Winter Sports Club* (D. C. Wis. 1963), 218 Fed. Supp. 946.

An appellate court has always been recognized as having the right to overrule—surely this would encompass the right to overrule prospectively when, after due consideration, it is the court's findings that there are just and compelling reasons for doing so. The greater includes the lesser.

It is also contended that the prospective rule set forth in *Goller, supra,* is contrary to art. IV, sec. 4, and amendments seven and fourteen of the United States constitution. This contention was laid to rest many years ago.

*Great Northern Ry. v. Sunburst Oil & Refining Co.* (1932), 287 U. S. 358, 53 Sup. Ct. 145, 77 L. Ed. 360, stated at page 364:

". . . This is a case where a court has refused to make its ruling retroactive, and the novel stand is taken that the constitution of the United States is infringed by the refusal.

"We think the federal constitution has no voice upon the subject. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. . . ."

Clearly the prospective limitation by this court in *Goller, supra,* comes within the principles of *Sunburst Oil* and does not violate the United States constitution.

*By the Court.*—Order and judgment affirmed.