BOLEN, by Guardian *ad litem*, and others, Appellants, v. BOLEN and wife, Respondents.

*No. 277. Argued April 10, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 316.)

For the appellants there was a brief by *Winter & Winter* of Antigo, and oral argument by *Richard T. Winter*.

For the respondents there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway*, attorneys, and *Roger Rouse* of counsel, all of Wausau, and oral argument by *Mr. Rouse*.

WILKIE, J. The sole and narrow issue to be determined on this appeal is whether the plaintiffs have raised an issue of fact on the question of Jack Bolen's alleged status as an employee of Ernest Bolen at the time of the accident.

The injury to the minor plaintiff occurred on June 1, 1963. Because this accident happened prior to June 28, 1963, the effective date of the decision in *Goller v. White*,[1] the doctrine of parental-child tort immunity precluded the minor plaintiff from bringing an action against his father. Confronted with this obstacle, the minor plaintiff brought suit against his grandparents, claiming that his father was their employee at the time he sustained his injury.

On a motion for summary judgment if the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead to only one conclusion, then only a matter of law is presented which should be decided on the motion.[2] This is such a case.

The affidavit of Ernest Bolen in support of the motion for summary judgment sets forth the following evidentiary facts:

---

[1] (1963), 20 Wis. 2d 402, 122 N. W. 2d 193. *See also Dupuis v. General Casualty Co.* (1967), 36 Wis. 2d 42, 152 N. W. 2d 884.

[2] *Bond v. Harrel* (1961), 13 Wis. 2d 369, 372, 108 N. W. 2d 552; *see also Ruby v. Ohio Casualty Ins. Co.* (1967), 37 Wis. 2d 352, 355, 155 N. W. 2d 121.

(1) No agreement concerning work on the farm was ever entered into between Jack and Ernest Bolen.

(2) Jack was never paid wages for any work he performed.

(3) Ernest never directed or determined the work or duties that Jack should perform.

(4) Jack was under no obligation to come to the farm to help out.

(5) On the day of the accident Ernest did not know that Jack was there.

A corroborating affidavit by counsel Roger Rouse sets forth details of testimony given at an adverse of Jack Bolen to the effect that he was never required or expected to be at the farm at any time, and that what he did at the farm and the time spent at the farm were completely up to him.

The opposition affidavit of Jack Bolen does not refute the essential averments made in the supporting affidavits and asserts the mere statement of ultimate fact or a conclusion of law that Jack Bolen was an employee of the elder Bolen. The affidavit does not aver any evidentiary facts that would show that Ernest Bolen had the right to control the work performed by Jack Bolen.

Summary judgment is a drastic remedy. But where there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used. In those cases it provides a procedure for speediest and least expensive disposition of a controversy.

*By the Court.*—Judgment affirmed.