MUNYON, Respondent, v. MOE and another, Appellants.

*No. 190. Argued March 30, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 324.)

630

For the appellants the cause was argued by *Robert B. McConnell,* assistant attorney general, with whom

on the brief were *Robert W. Warren,* attorney general, and *James Schipper,* district attorney of Vernon county.

For the respondent there was a brief by *William P. Skemp* and *Hale, Skemp, Hanson, Schnurrer & Skemp,* all of La Crosse, and oral argument by *William P. Skemp.*

BEILFUSS, J. The issue, as we see it, is whether the trial court abused its discretion in denying the motion for summary judgment upon the basis there are material facts in dispute.

The discretionary nature of a trial court's authority in the area of summary judgment was discussed in *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 631, 162 N. W. 2d 626:

"We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that 'Summary judgment may be entered' as provided in the section and that 'The judgment may be entered in favor of either party.' In sub. (3) it is provided that a summary judgment 'may be awarded' to the plaintiff although he has not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so."

Extrapolating from the holding of *Zimmer, supra,* this court said in *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191, that an order denying a motion for summary judgment will not be reversed until it appears the trial court has abused its discretion or failed to exercise it. In *Hardscrabble* we quoted the trial court's memorandum opinion which, in turn, quotes our previous cases which set forth how the discretion should be exercised:

" '. . . the ultimate question for the court to decide on a motion for summary judgment is whether there is any issue of fact to be tried in the case. *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9.

" 'The technique by which the trial court is to approach the problem is set forth as follows:

" ' ". . . we first examine the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion." *Leszczynski v. Sturges* (1965), 30 Wis. 2d 534, 538, 141 N. W. 2d 261.' " pages 340, 341.

The principal defense asserted by the wardens is that their action was justified under sec. 174.01, Stats., which provides in part:

"**Dogs may be killed.** Any person may kill any dog, . . . found killing, wounding or worrying any horses, cattle, sheep, lambs or other domestic animals. Any such dog is a public nuisance which may be proceeded against as provided in chapter 280. . . ."

After reviewing at length the factual presentations in the affidavits of each party to the present suit, the trial judge stated he did not believe the facts lead to one conclusion leaving no material fact to be decided by a jury. In his memorandum opinion he said:

"It is the opinion of this court that a question of fact existed for the determination of the jury. Were these dogs killing, wounding or worrying a domestic animal or were they merely herding a stray? Both parties conceded at the Argument on Motion for Summary Judgment that the test to be applied was objective as to the killers and not subjective. It would seem that what con-

stitutes worrying depends on the particular facts of each case, which facts must be determined by the jury. In determining this issue of fact the jury has a right to consider all of the surrounding circumstances including the disputed fact as to whether or not these dogs came from a wooded area or the farmyard. It would therefore seem to this court that a substantial issue of fact must be resolved by the jury and therefore the Motion for Summary Judgment must be denied."

The defendants argue their status as conservation wardens makes them exempt from liability for shooting the dogs under sec. 29.05 (9), Stats.:

"EXEMPTION FROM LIABILITY. Each commissioner and each deputy conservation warden, in the performance of his official duties, shall be exempt from any and all liability to any person for acts done or permitted or property destroyed by authority of law. In any action brought against the commissioner or warden involving any official action the district attorney of the county in which the action is commenced shall represent such commissioner or warden. No taxable costs or attorney fees shall be allowed to either party in said action."

The defendants assert the shooting was done in the performance of their official duties. In support of their position they refer to an affidavit of Harold D. Hettrick, the assistant director of the Bureau of Law Enforcement of the Department of Natural Resources. Mr. Hettrick's affidavit states that as a matter of policy the wardens were directed to accept complaints that dogs were running, worrying or killing domestic animals, and to notify the owners of the dogs, if possible, and "when dogs were found in the act of worrying, wounding or killing a domestic animal, they were to kill such dogs where it appeared necessary to save the life of the domestic animal involved."

If it is the position of the defendants that if they found a dog or dogs worrying domestic animals they

were exempt from liability regardless of the other circumstances, raising the issue by motion for summary judgment is the equivalent of asking this court to treat the motion as a demurrer. This is not a proper use of the motion for summary judgment. *See Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 150 N. W. 2d 502. That position was recently reaffirmed in *Cadden v. Milwaukee County* (1969), 44 Wis. 2d 341, 347, 171 N. W. 2d 360:

> "Also it should be pointed out, and we repeat as we have before, that the court, either trial or appellate, need not render advisory opinions dependent upon disputed or uncertain facts and that a motion for summary judgment is not a substitute for demurrer."

If the defendants now rely upon the directions of their superiors to justify their acts as official duties, it is doubtful that the directions, as set forth in the affidavit of Mr. Hettrick, either could or did direct the wardens to enter the premises in close proximity to the farm buildings and shoot the landowner's dogs which, according to the claim of the landowner, were herding a domestic animal pursuant to training by and knowledge of the landowner. In any event, the court will not render an advisory opinion upon disputed or uncertain facts in a motion for summary judgment.

The authority which would in any way demonstrate an abuse of discretion by the trial court is *Bass v. Nofsinger* (1936), 222 Wis. 480, 269 N. W. 303. That was a case, discussed in the trial judge's memorandum opinion, in which this court indicated in dicta that a dog's chasing and barking at defendant's sheep clearly constituted "worrying" within the meaning of sec. 174.01, Stats. This court said in *Bass*, at page 483:

> "The respondent contends that the evidence does not sustain the claim that the dog was worrying the sheep when shot by appellant. There is no merit in this contention. The uncontradicted testimony shows that the

dog was chasing after the sheep, had them on the run, and had been chasing them for a distance of about three hundred feet before appellant fired. Clearly, this conduct on the part of the dog constituted a worrying of the sheep in question within the plain intent of the statutes above quoted."

The important factual distinction between *Bass* and the instant case is that the dog in *Bass* was a stray, while the dogs in the present case belonged to the plaintiff and were allegedly herding the plaintiff's pig, on the plaintiff's land, in close proximity to his buildings and with the knowledge of the plaintiff. The dog was not herding in *Bass;* the defendant who shot the dog was the owner of the sheep and was not using the dog to corral the animals. It is submitted that the trial court's statement that the *Bass* definition of "worrying" is inadequate under the present circumstances clearly points up the factual dispute over whether the dogs were "worrying" the pig or if they were hurting the pig and, further, if the dogs were worrying the pig, whether the defendants' actions were necessary and reasonable under the circumstances as determined in a trial.

We are of the opinion the trial court did not abuse its discretion in denying the motion for summary judgment.

*By the Court.*—Order affirmed. No costs to be taxed.