Fox and another, d/b/a Fox & Hanover, Respondents,
v. Wand, Appellant.*

*No. 38.   Argued February 1, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 81.)

* Motion for rehearing denied, with costs, on May 4, 1971.

For the appellant there was a brief by *Victor Weiss,* attorney, and *Thomas A. Schulz* of counsel, and oral argument by *Jeffrey S. Schuster,* all of Milwaukee.

For the respondents there was a brief and oral argument by *Paul L. Moskowitz* of Milwaukee.

WILKIE, J.  The only issue involved on this appeal is: Is there an issue of fact that must be tried when the party moving for summary judgment has sworn to evidentiary facts as to a contract of service with the other party and that party fails to come forward with any evidentiary facts supporting his contention that the agreement was changed?

"On a motion for summary judgment if the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead to only one conclusion, then only a matter of

law is presented which should be decided on the motion." [1]

The technique by which a determination is made as to whether an issue of fact exists is well settled: The court first examines the moving papers to determine whether the moving party has made a prima facie case. If he has, the court then examines the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to warrant a trial. [2] If there is a substantial issue of fact presented, or if the evidence on a material issue of fact is in conflict, or if reasonable inferences to be drawn from credible evidence presented are doubtful, summary judgment should not be granted. [3]

Here, the trial court was presented with a pure question of law to be settled by the court without a trial. No substantial issue of fact was presented by the opposing evidence. Plaintiffs-respondents presented an affidavit and documentary evidence establishing the allegations of their complaint. The contract-letter signed by defendant on November 8, 1967, unambiguously sets forth the terms on which the case would be handled by respondents: at $35 per hour, with a minimum retainer of $500; appellant also to pay all costs with an initial advance of $150 thereon.

To this motion with supporting affidavit and documents the response of the appellant was in his answer to deny the allegations as put forth in the complaint and to put respondents to their proof and, in his answering affidavit, to go no further, asserting:

"That he [Wand] has a good and valid defense to the plaintiff's complaint because the plaintiff, subsequent to

[1] *Bolen v. Bolen* (1968), 39 Wis. 2d 91, 93, 158 N. W. 2d 316.

[2] *Munyon v. Moe* (1970), 46 Wis. 2d 629, 633, 176 N. W. 2d 324.

[3] *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191.

the agreement of November 8, 1967, changed the terms of the contract to a contingent fee arrangement, and there has been no money collected by the plaintiff on behalf of the defendant in this matter."

No evidentiary facts of any kind are presented; he does not state whether such modification was oral or written, when it occurred, etc. This affidavit is totally insufficient to raise an issue of fact on the terms of the agreement between the parties. In his brief, and on oral argument, appellant suggests that an ambiguity with respect to the terms of the agreement is raised by the letter of December 19, 1967, in which respondents state that they have not received the minimum $500 retainer from appellant and the letter goes on to state:

". . . I did not take the case on a contingent basis. It was an hourly rate, which quite naturally is to his advantage if collection is made. *If his idea is that it is going to be contingent in the sense that he will not pay the hourly retainer unless he collects,* he is sadly mistaken.

"I am willing to continue the case on an hourly basis if I am paid according to the retainer arrangements. However, if I am not paid until I collect, then I am going to bill him on a percentage basis.

"I would appreciate it if you would straighten Mr. Wand out on this matter immediately. If he wishes me to continue on the hourly basis, then I will expect his check within the next few days. If I do not hear from you nor receive his check by the first of the year, I will proceed on the assumption that I have the option to bill him on a percentage basis of what is collected if I choose to do so." (Emphasis added.)

Appellant argues that this language raises an ambiguity with respect to the terms of the agreement of November 8, 1967, and appellant argues for a subsequent modification of that agreement. Whatever ambiguity existed as a result of the letter of December 19, 1967, it is resolved by the fact that appellant in his affidavit

provides absolutely no proof of any kind showing any follow-up under which appellant exercised the option mentioned in the letter or in any way changing the basic contract between the parties as asserted by the respondents and as shown by their affidavit and supporting documents. Furthermore, correspondence attached to respondents' affidavit indicates that the appellant ratified the terms of the original agreement and that payments made to respondents were made in accordance with the original agreement.

Appellant also asserts in his affidavit: (1) that respondents did not perform legal services for him for a period through October 29, 1968; and (2) that respondents' billing statements were inadequate to constitute a "detailed, hourly statement for services rendered . . . ." These two assertions are positively contradicted by the documentary evidence presented by respondents. The abstract of the California judgment in favor of appellant obtained by respondents in and of itself proves legal work was done for appellant prior to October 29, 1968, since it was entered on April 17, 1968.

A letter dated January 4, 1968, from appellant's Milwaukee attorney to respondents also establishes legal services rendered prior to October 29, 1968.

This is an obvious example of the proper use of the motion for summary judgment under sec. 270.635, Stats. The position of the plaintiffs-respondents, as asserted in their complaint and backed up by the affidavit and other supporting papers in connection with a motion for summary judgment, clearly stated a prima facie case for judgment on their behalf. The verified answer of the appellant is not sufficient to defeat the motion.[4] Nor will evidentiary facts be defeated by general denials or con-

---

[4] *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 539, 141 N. W. 2d 261. *See also: American Mut. Liability Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1970), 48 Wis. 2d 305, 311, 179 N. W. 2d 864.

clusions of law.[5] Evidentiary facts as required by the summary judgment statute are not the same as ultimate facts alleged in pleadings.[6]

On motion for summary judgment the trial court will not try out issues of fact on the basis of competing affidavits.[7] But for there to be a triable issue of fact, the affidavits must compete. They did not compete here and for that reason summary judgment was properly granted.

*By the Court.*—Order affirmed.

---

[5] *Hardscrabble Ski Area v. First Nat. Bank, supra,* footnote 3.

[6] *Milwaukee County v. Schmidt* (1968), 38 Wis. 2d 131, 156 N. W. 2d 493.

[7] *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 530, 155 N. W. 2d 674; *Frew v. Dupons Construction Co.* (1968), 37 Wis. 2d 676, 685, 686, 155 N. W. 2d 595; *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. 2d 238, 245, 105 N. W. 2d 305.