LAUNDRY, by Guardian *ad litem,* and wife, Appellants,
v. SCHOTT and wife, Respondents.

*No. 198. Argued March 29, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 692.)

For the appellants there was a brief by *Rabinovitz & Sonnenburg* and *David Rabinovitz,* all of Sheboygan, and oral argument by *David Rabinovitz.*

For the respondents there was a brief by *Berk & Pressentin* and *Bernard Berk,* all of Green Bay, and oral argument by *Bernard Berk.*

WILKIE, J.   It is clear that in reality appellants are seeking a second trial to break the April 20, 1964 contract. In the previous trial, judgment was entered requiring that the contract be specifically enforced. Hence the only issue here is whether the present action is barred by res judicata. It is.

Although appellants argue extensively that a substantial issue of fact to be tried was presented below, and thus the granting of summary judgment was improper, it is clear that the circuit court here granted the motion for summary judgment solely on the basis of res judicata.

A final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.[1] When there is no appeal from the first judgment, all provisions in that judgment are binding and conclusive between the parties in subsequent actions.[2]

As part of their answer respondents submitted a copy of the record in the first proceeding. The trial court carefully compared the assertions in the present complaint with those matters decided and litigated in the first action. The court concluded that appellants were estopped by the prior judgment from bringing this action.

The primary assertion of the appellants in the present case is that Elmer Laundry was not mentally competent at the time he entered into the agreement to transfer real estate. The circuit court here pointed out that in the original proceeding Judge PARNELL had made a specific finding that Laundry was mentally competent. Since no appeal was taken from that determination, that issue was conclusively decided in the first case. Appellants also contend that the attorney who drafted the

[1] *Werner v. Riemer* (1949), 255 Wis. 386, 403, 39 N. W. 2d 457, 39 N. W. 2d 917; *Cohan v. Associated Fur Farms, Inc.* (1952), 261 Wis. 584, 597, 53 N. W. 2d 788; *Northwestern National Casualty Co. v. State Automobile & Casualty Underwriters* (1967), 35 Wis. 2d 237, 244, 151 N. W. 2d 104.

[2] *Estate of Weil* (1946), 249 Wis. 385, 391, 24 N. W. 2d 662; *Kriesel v. Kriesel* (1967), 35 Wis. 2d 134, 138, 150 N. W. 2d 416.

agreement was guilty of representing conflicting interests and that Elmer Laundry's nephew exercised improper influence over his uncle. The circuit court, in the first suit, considered these assertions and rejected them. It is clear that in the first action appellants were represented by competent counsel and all issues were raised and determined. Since no appeal was taken from that judgment and since the present action raises the same issues between the same parties seeking essentially the same relief as in the prior action we have no hesitation in affirming the lower court's determination that the doctrine of res judicata applied and that the present action is barred by the previous judgment. The granting of summary judgment was proper.[3]

"Summary judgment is a drastic remedy. But where there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used. In those cases it provides a procedure for speediest and least expensive disposition of a controversy."[4]

*By the Court.*—Judgment affirmed.

[3] *Moutry v. American Mut. Liability Ins. Co.* (1967), 35 Wis. 2d 652, 656, 151 N. W. 2d 630, and cases cited therein. *See also: Fox v. Wand* (1971), 50 Wis. 2d 241, 184 N. W. 2d 81.

[4] *Bolen v. Bolen* (1968), 39 Wis. 2d 91, 94, 158 N. W. 2d 316.