MARTIN, and others, Plaintiffs-Appellants, v. KRAWCZYK, and others, Defendants-Respondents.

Supreme Court

No. 76–409. *Argued February 26, 1979.—Decided May 1, 1979.*
(Also reported in 277 N.W.2d 835.)

For the appellants there were briefs by *Franklyn M. Gimbel* and *Gimbel, Gimbel & Reilly,* and oral argument by *D. Michael Guerin,* all of Milwaukee.

For the respondents the cause was argued by *Gerald G. Pagel,* principal assistant corporation counsel, with whom on the brief was *Robert P. Russell,* corporation counsel.

SHIRLEY S. ABRAHAMSON, J. Four temporary deputy sheriffs of Milwaukee County (plaintiffs) sought judgment declaring that they were eligible for appointment to permanent positions as deputy sheriffs of Milwaukee County. On motions for summary judgment made by both the plaintiffs and the defendants (Milwaukee County Civil Service Commission and the individual members thereof, the Chief Examiner of the Milwaukee County Civil Service Commission and the Sheriff of Milwaukee County), the trial court granted the defendants' motion for summary judgment.

On appeal plaintiffs contend that the trial court erred when it granted defendants' motion for summary judgment because reasonable alternative inferences may be

drawn from the undisputed facts sufficient to entitle the plaintiffs to trial. *Skyline Construction Inc. v. Sentry Realty, Inc.,* 31 Wis.2d 1, 141 N.W.2d 909 (1966).

We conclude that the inferences which may be drawn reasonably from the undisputed facts lead to only one conclusion, namely that an issue of law is presented and that summary judgment is the appropriate remedy. *Fox v. Wand,* 50 Wis.2d 241, 184 N.W.2d 81 (1971). We affirm the judgment of the circuit court dismissing plaintiffs' action on the merits.

The plaintiffs' motion for summary judgment is based on the pleadings, the deposition of the chief examiner of the Milwaukee County Civil Service and the Commission (including exhibits attached thereto) and the affidavit of plaintiffs' counsel summarizing the deposition. The defendants' motion for summary judgment is based on the pleadings, the deposition, and the affidavit of the chief examiner of the Commission. The following undisputed facts can be gleaned from the affidavit of the chief examiner, which is not controverted by the plaintiffs, and the deposition of the chief examiner (including exhibits) upon which both the plaintiffs and defendants rely.

In May, 1973, the plaintiffs took examinations for the position of Deputy Sheriff I (male). On the basis of their scores on the examination and veterans' preference points, plaintiffs placed in spots 45, 46, 47 and 48 on the 49-man eligible list approved by the Milwaukee County Civil Service Commission on May 19, 1973. A similar examination had been conducted for women on April 13, 1972, and a separate eligible list was maintained for Deputy Sheriff I (female).

The plaintiffs received appointments as temporary deputy sheriffs for Milwaukee County. By December 5, 1974, plaintiffs' names had been moved up to the top four spots on the May 19, 1973 list, and if this list were being

used, plaintiffs were next in line for certification to the appointing power for the permanent position of deputy sheriff.[1]

[1] Sec. 63.05, Stats.:

"63.05 **Certifications; examinations; preference to veterans; temporary appointments.** (1) When any appointing power in any such county learns that a vacancy has occurred, or is about to occur in any office or position in the classified service in his department, he shall forthwith notify the chief examiner of such fact. When an eligible list (containing the names of persons who have, within a period of time to be specified in the rules of the commission, passed an examination appropriate to the office or position in question) is in existence, the chief examiner shall certify to the appointing power the names of the three persons standing highest on that list. If more than one vacancy in the same class or position is to be filled, one additional name shall be certified for each additional vacancy.

"(2) The commission shall impose no restrictions as to age in case of veterans and veterans shall be given preference points in accordance with s. 230.16(7).

"(3) The appointing power shall make selection to fill such vacancy or vacancies with reference solely to merit and fitness from the names certified, unless objection is made to one or more of the persons named and such objection is sustained by the commission, in which case the commission shall certify in addition the name next following upon the eligible list.

"(4) If there is no such eligible list, the procedure shall be as follows: An examination shall be arranged for the earliest possible date to examine candidates relative to their fitness for said office or position. The time and place of such examination, together with the requirements of the position, and all other necessary information shall be sufficiently advertised by said commission in such manner as the commission shall by its rules determine as best suited to give notice of such examination.

"(5) Pending the holding of such examination and the creation of an eligible list, the office or position in question may be filled temporarily by the appointing power, by an emergency appointment, subject to such rules and restrictions as the commission may adopt.

"(6) All examinations, including minimum training and experience requirements, for positions under this section shall be job-related in compliance with the appropriate validation standards

On November 11, 1974, five new positions for deputy sheriff were authorized by the Milwaukee county board. On November 19, 1974, the Milwaukee County Civil Service Commission announced that a new competitive examination open to both men and women would be conducted for the position of deputy sheriff. The May 19, 1973 list was one and one-half years old when the new examination was announced. The list had originally contained 49 names and on November 19 the list contained only four names. Although the May 19, 1973 list would indicate that a fifth name (the 49th name) was still on the list, the trial court's decision states that the four plaintiffs were the only four names remaining on the list. Thus if three or more deputy sheriff positions had to be filled by men, this list may not have enough names on it to comply with the statutory requirement (sec. 63.-05, Stats.) that the Commission certify three names for one vacancy and one additional name for each additional vacancy.

The deposition and affidavit of the chief examiner of the Commission state that in 1974 the Commission had become increasingly concerned with the impact of the Equal Employment Opportunity Act and its affirmative action regulations on the hiring of Milwaukee county employees. The Commission was studying the possibility of having one deputy sheriff examination for both men and women and had developed new standards for physical performance and agility. Prior to November 19, 1974 the Commission had determined that a single examination should be conducted and that the use of two lists— one male and the other female—probably violated the federal laws. Whether the Commission was correct in its conclusion as to the validity of the May 19, 1973 list is

and shall be subject to the approval of the commission. All relevant experience, whether paid or unpaid, shall satisfy experience requirements.

not significant. What is significant is the undisputed fact that as of November 19, 1974, the Commission perceived the May 19, 1973 list as invalid and concluded that its duty was to discard the list, to prepare a new one conforming to the requirements of federal law, and to certify names for the new positions from the new list.

On December 5, 1974, Sheriff Wolke, pursuant to the county board action of November 11, filed two "certification requests" with the Milwaukee County Civil Service Commission, stating that five new positions were authorized by the county board—three Deputy Sheriff I (male) and two Deputy Sheriff I (female). No explanation is given on the request form for the sex identification although the form directs that an explanation be given in the event a sex preference is designated. Later in December the sheriff filed two additional "certification requests" for two additional positions, without specifying sex.

The new competitive examination which had been announced on November 19 was held on December 21, 1974. At its February 10, 1975 meeting the Milwaukee County Civil Service Commission voted to abolish the May 19, 1973 and the April 13, 1972 eligible lists and to require that certifications be made from a new eligible list "which has both males and females as eligibles in order to comply with EEOC and Affirmative Action . . . ." At its February 17, 1975 meeting the Commission approved the new eligible list for Deputy Sheriff I resulting from the December 21, 1974 examination.

On February 17, 1975, the Commission certified several names from the new list for the positions of deputy sheriff. The plaintiffs had taken the December 21, 1974 examination but their scores were such that their names were not certified to the appointing power.

We conclude that the only reasonable inference which can be drawn from these facts is that on November 19

when the Commission announced the new examination for the position of deputy sheriff the Commission viewed the old lists as no longer in effect and intended to certify names for the new deputy sheriff positions from a new list which would be drawn up after the new examination. We do not mean to say that every announcement of a new examination constitutes the abolition of an existing eligible list. However the only reasonable inference to be drawn from the undisputed facts presented here is that the Commission intended that its announcement of the November 19 examination constitute the abolition of the May 19, 1973 list.[2]

The legal question presented is whether the Commission could abolish the old lists prior to its vote of abolition recorded in its minutes of February 10, 1975. The plaintiffs, relying on sec. 63.05, Stats., assert that the May 19, 1973 list was "in existence" on December 5, 1974 (when Sheriff Wolke requested certified names for the positions of deputy sheriff) and that they should be

---

[2] In their brief, plaintiffs suggest "alternative inferences" which they argue could be drawn from the undisputed facts. First "is the consideration as to whether plaintiffs were entitled to appointment as Deputy Sheriffs I." The defendants argue that if plaintiffs had been certified, they might not have been appointed. However, if, as this court decides, plaintiffs were not entitled to be certified, then the question of appointment becomes superfluous. Second, plaintiffs suggest that if in fact they had been certified, Sheriff Wolke would, on the basis of their experience as temporary deputies, have appointed them. The relevance of this contention also rests on the plaintiffs' entitlement to certification. The third inference suggested by the plaintiffs is "the inappropriate shortening of the life span of the Deputy Sheriff I (Male) eligibility list." This is not a factual inference but a question of law. Finally, plaintiffs suggest that the old lists were not, as the Commission thought, illegal and that some other remedy, more equitable than the abolition of the old list, should have been pursued. As we explain, the question is not whether the old lists were illegal, but whether or not the Commission thought they were and in fact acted to abolish them.

certified for the permanent positions of deputy sheriff because their names were the highest placed names on the eligible list.

Sec. 63.05, Stats., governs examinations, eligible lists and certifications. It provides that when there is a vacancy and an eligible list is in existence, the chief examiner shall certify the names of three persons standing highest on the list to the appointing power.

"63.05 Certifications; examinations; preference to veterans; temporary appointments. (1) When any appointing power in any such county learns that a vacancy has occurred, or is about to occur in any office or position in the classified service in his department, he shall forthwith notify the chief examiner of such fact. *When an eligible list* (containing the names of persons who have, within a period of time to be specified in the rules of the commission, passed an examination appropriate to the office or position in question) *is in existence, the chief examiner shall certify to the appointing power the names of the three persons standing highest on that list.* If more than one vacancy in the same class or position is to be filled, one additional name shall be certified for each additional vacancy. [Emphasis added.] [3]

Sec. 63.05(1), Stats., authorizes the Commission to specify the period of time during which an eligible list remains in existence. Pursuant to sec. 63.05, the Milwaukee County Civil Service Commission adopted Rule III, section 9 which sets forth the expiration time of the eligible list.

"Rule III, Section 9:
"Section 9—LIFE OF ELIGIBLE REGISTERS. (1) Eligible lists or registers for positions in the classified service shall expire by limitation of time in two years and one day from the date of posting thereof:

---

[3] Subsections (3), (4), and (5) of sec. 63.05, Stats., are quoted at note 1, *supra.*

"    .  .  .

"(b)  provided, further, that the commission may by order, entered in its minutes before the expiration of such time, continue such register in force for a longer time, or may abolish such list at the time of the establishing of a new eligible list for any position, or at such time as may, in the discretion of the commission, be deemed necessary;

"    .  .  .  ."

■

The Rule clearly provides that the eligible list expires two years and one day from the date of its posting unless (1) the Commission by order entered in its minutes before the expiration of the "two years and one day" period continues the list in force for a longer time; or (2) the Commission abolishes the list at the time of establishing a new eligible list; or (3) the Commission abolishes the list at such time as the Commission in its discretion deems necessary.

The Rule clearly authorizes the Commission, in its discretion, to abolish an existing list at any time. The circuit court construed the Rule as requiring that an eligible list be abolished by an order of the Commission entered upon its minutes. The Rule does not set forth this "entry" requirement. The Rule does not prescribe the formal procedure by which the Commission may abolish the list. The Rule requires only that if the Commission *continues* the list beyond the "two year plus one day" period the Commission's order must be entered on the minutes before the date on which the list expires. We conclude that when the Commission adopted the motion on February 10, 1975 to abolish the May 19, 1973 list, it was merely formally acknowledging that which it had previously accomplished.

■

Accordingly we hold that the May 19, 1973 list was not an "eligible list . . . in existence" on December 5, 1975,

as required by sec. 63.05(1), Stats., when the sheriff, the appointing power, notified the chief examiner of the Commission of the positions of deputy sheriff to be filled and that the plaintiffs were not entitled to be certified for the positions of deputy sheriff.

The order of the trial court dismissing plaintiffs' action is affirmed.

*By the Court.*—Order affirmed.