Gary W. LUEBKE, Plaintiff,

v.

**MARINE NATIONAL BANK OF NEENAH and Douglas C. Steltz, Defendants.**

Civ. A. No. 83–C–392.

United States District Court, E.D. Wisconsin.

July 25, 1983.

Robert L. Elliott, Milwaukee, Wis., for plaintiff.

Jerome T. Bomier, Neenah, Wis., for defendant Marine Nat. Bank of Neenah.

James F. Pressentin, Green Bay, Wis., for defendant Douglas C. Steltz.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises out of a sale of real and personal property. The plaintiff alleges that the defendants fraudulently induced the plaintiff to purchase the assets of the Wiesmann Beverage Company in Marion, Wisconsin. Plaintiff alleges that the defendant Steltz, as agent of the defendant Bank, made numerous misrepresentations regarding the condition of the assets. He further alleges that these misrepresentations involved the regular use of the mails and transmissions in interstate commerce, and therefore constituted a racketeering activity prohibited by 18 U.S.C. § 1961. The action seeks treble damages under 18 U.S.C. § 1964(c), the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). This Court has jurisdiction under 18 U.S.C. § 1964(c).

Plaintiff earlier filed an action in Waupaca County Circuit Court, alleging the same transactions and occurrences. The complaint in that case made no mention of RICO, but sought rescission of the contract of sale, and restitution. The plaintiff prevailed at trial, whereupon the defendants moved for relief pending their appeal. This appeal is still pending before the Fourth District Court of Appeals of Wisconsin.

The defendants have moved to dismiss the present case. Their primary contention is that the judgment in Waupaca County Circuit Court was conclusive on all matters that could have been raised in that proceeding, and therefore that *res judicata* bars litigation of the present case. Second, they contend that plaintiff has not stated a claim for relief under 18 U.S.C. § 1964(c), because he has not alleged a nexus between the defendants and organized crime. I agree with the former contention, and dismiss.

Under the Full Faith and Credit implementing statute, 28 U.S.C. § 1738, this Court is required to give the same dignity to a judgment rendered by a Wisconsin court as would another Wisconsin court. *Bell v. City of Milwaukee,* 514 F.Supp. 1363 (E.D.Wis.1981). In turn, under Wisconsin law, a valid final judgment is *res judicata* on all matters that were, or might have

been, litigated in the proceeding. *Barbian v. Lindner Bros. Trucking Co.,* 106 Wis.2d 291, 316 N.W.2d 371 (1982); *Laundry v. Schott,* 54 Wis.2d 723, 196 N.W.2d 692 (1972). Thus, a plaintiff may not institute a second proceeding on the same cause of action after a valid final judgment is rendered in the first, even though the complaint rests on an untried theory of relief. Finally, the fact that an appeal is pending in the first case does not deprive the judgment of its conclusive effect. *See Slabosheske v. Chikowske,* 273 Wis. 144, 77 N.W.2d 497 (1956).

Applying these principles to the present case, the Court finds that *res judicata* precludes the plaintiff from proceeding further. Assuming the facts alleged in the complaint state a claim for relief under 18 U.S.C. § 1964(c), that claim is merely a basis for recovery alternative to that asserted in Waupaca County Circuit Court. Apart from the alleged use of the instrumentalities of interstate commerce to perpetrate the fraud, the facts alleged in the present case are the same as those alleged in the prior case. Thus, the evidence supporting the state courts judgment for plaintiff would tend to support a judgment here. *See Stafford v. Gen. Supply Co.,* 5 Wis.2d 137, 92 N.W.2d 267 (1958). Therefore, it appears that plaintiff has split his cause of action, and is merely asserting a theory of recovery that was absent from the initial proceeding.

Plaintiff contends that this second action should be permitted to continue, because it was impossible to join all the possible theories of recovery in a single proceeding. The Court is not convinced. Concededly, it is unclear that plaintiff could have pleaded § 1964(c) in state court, because the statute does not indicate whether federal and state law exercise concurrent jurisdiction over cases arising under that subsection, and there appears to be no case law on this point. However, in the absence of an express statutory directive to the contrary, there is a presumption of concurrent jurisdiction, and federal courts are generally reluctant to find that federal jurisdiction is exclusive. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). Moreover, it is clear that, under the doctrine of pendent jurisdiction, *see United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the plaintiff could have originally brought the action in this court, joining the claims for recission and restitution as pendent state claims. *Cf. Cenco Inc. v. Seidman & Seidman,* 686 F.2d 449, 458 (7th Cir.1982); *Sutliff, Inc. v. Donovan Co.,* No. 82–C–828 (E.D.Wis. Jan. 17, 1983). Therefore, the fact that the courts and laws of distinct sovereigns are involved does not permit plaintiff to institute a multiplicity of proceedings in contravention of settled *res judicata* principles. *See Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939 (7th Cir.1981). This is particularly so where, as here, the federal proceeding appears to have been instituted as an afterthought following a successful trial on the merits in state court. In light of plaintiff's decision to proceed as he did, *res judicata* prevents him from requiring defendants to relitigate their defenses on another front.

THEREFORE, IT IS ORDERED that this action be dismissed under Fed.R.Civ.P. 12(b)(6).