Larry BROADWAY d/b/a
Broadway's Shoes

v.

SAN ANTONIO SHOE, INC.

Civ. A. No. B–85–248.

United States District Court,
S.D. Texas,
Brownsville Division.

Sept. 17, 1986.

Denis A. Downey, Downey & Sullivan, Brownsville, Tex., for plaintiff.

Ted D. Lee, Mark H. Miller, Gunn, Lee & Jackson, San Antonio, Tex., Ted Campagno-

lo, Haywood & Campagnolo, Brownsville, Tex., for defendant.

## MEMORANDUM AND ORDER

VELA, District Judge.

Defendant, San Antonio Shoe, Inc., removed this lawsuit from the 138th Judicial District Court of Cameron County, Texas. In its petition for removal, Defendant asserts that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (1982). Additionally, Defendant contends removal of it is proper under 28 U.S.C. § 1441(a) (1982) because of the following allegations in Plaintiff's Original Petition:

> Plaintiff also says that Defendant's conduct as alleged in paragraph XII, above, involved a pattern or scheme of racketeering, to wit, the commission of two unfair trade practices in violation of the Federal Trade Commission Act, within the past ten years, such acts constituting a scheme to defraud involving the use of the U.S. Mails and other instrumentalities of interstate commerce and prohibited by 18 U.S.C. 1961 *et seq.* (Paragraph XIV, Plaintiff's Original Petition).

■ While neither Plaintiff nor Defendant challenges the jurisdictional basis of removal, the Court will conduct its own inquiry sua sponte.[1]

1. Clearly, a court's foremost duty is to determine if it has jurisdiction to entertain an action. This duty is of such primary importance that the court may consider jurisdiction at anytime by suggestion of the parties or sua sponte. *See Smith v. City of Picayune,* 795 F.2d 482, 484 (5th Cir.1986); *In re Kutner,* 656 F.2d 1107, 1110 (5th Cir.1981), *cert. denied* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Kleban Engineering Co. v. Caldwell,* 490 F.2d 800, 802 n. 1 (5th Cir.1974); *Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373, 376 (E.D.Penn.1984); 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3).

2. Professor Moore has suggested that "such a rigid rule of dismissal is unwarranted and should be abandoned." 1A J. MOORE, B. RINGLE & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 0.157 [3.–2] at 58, 59 (2d. Ed.1986). Professor Wright concluded only legislation could halt unfair application of the rule. WRIGHT,

## ANALYSIS

■ Federal jurisdiction over a case removed from a state court is derivative in nature. If the state court lacks jurisdiction over the lawsuit, the federal court acquires none. *General Investment Co. v. Lake Shore & Michigan Southern Ry. Co.,* 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922); *Steele v. G.D. Searle Co.,* 483 F.2d 339 (5th Cir.1973), *cert. denied,* 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 572 (1974); *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1014 (S.D.Tex.1979); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 2d § 3722; 1A J. MOORE, B. RINGLE & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 0.157 [3.–11] at 55 (2d. Ed.1986). If this case is one in which federal courts have exclusive jurisdiction, the Court could not now maintain jurisdiction and the case would have to be dismissed.[2] Despite the inherent inequities in this rule, the Supreme Court recently reaffirmed it's application.

> Indeed, precedent involving other statutes granting exclusive jurisdiction to the federal courts suggests that, if such an action were not within the class of cases over which state and federal courts have concurrent jurisdiction, the proper course for a federal district court to take after removal would be to dismiss the case altogether, without reaching the merits. *Franchise Tax Bd. of California v. Construction Laborers Vacation*

MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE; Jurisdiction 2d § 3722. at 290. Perhaps acting as a result of such criticism, Congress amended 28 U.S.C. § 1441, regarding removal jurisdiction, by adding a new subsection (e) providing that the court to which a civil action is removed is not precluded from hearing and determining any claim in the action because the state court from which the action was removed did not have jurisdiction over that claim. Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986). The amendment is made effective only with respect to claims in civil actions commenced in state courts on or after the date of enactment, which was June 19, 1986. Since Plaintiff commenced his suit in state court on April 10, 1985, the Act's amendment is inapplicable.

*Trust for So. California,* 1983, 463 U.S. 1, 24 n. 27, (per Brennan, J.).

## PLAINTIFF'S RICO CLAIM

The question before the Court then becomes whether federal courts have exclusive jurisdiction over Plaintiff's federal RICO claim, which alleges violations under 18 U.S.C. § 1961 *et seq.* If the claim is concurrent, it would be amenable to removal. To this day, no federal appellate court has considered the question whether jurisdiction over RICO claims is exclusively federal. Though a United States District Court reached that conclusion in *County of Cook v. Midcon Corp.,* 574 F.Supp. 902 (N.D.Ill.1983), the Seventh Circuit affirmed the decision on other grounds specifically finding it unnecessary to decide the exclusivity issue.[3] The existent state and federal authority addressing the issue is split. Two district courts concluded that state courts enjoy concurrent jurisdiction over RICO claims. *See Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373, 381 n. 11 (E.D.Pa. 1984); *Luebke v. Marine National Bank of Neenah,* 567 F.Supp. 1460, 1462 (E.D. Wis.1983).[4] Alternatively, two district courts reached the opposite conclusion. *See Kinsey v. Nestor Exploration Ltd. —1981 A,* 604 F.Supp. 1365 (E.D.—Wash. 1985); *County of Cook v. Midcon Corp.,* 574 F.Supp. 902.

 The test for ascertaining whether concurrent or exclusive jurisdiction is the rule where Congress has been silent is a matter of federal law. *Kinsey,* 604 F.Supp. at 1370. Nonethless, this Court concludes that reference to Texas law is particularly useful in its inquiry. While the Texas Supreme Court has not addressed the issue, a panel of the Texas Court of Appeals expressly concluded that exclusive jurisdiction of actions pursuant to

RICO was implicitly granted to federal courts by Congress. *Main Rusk Associates v. Interior Space Const.,* 699 S.W.2d 305 (Tex.App. Houston [1st Dist.] 1985, no writ). The Texas Court of Appeals cited the *Kinsey* decision in support of its conclusion that, without reservation, federal jurisdiction over RICO claims is exclusive. *Id.* at 307, citing *Kinsey,* 604 F.Supp. at 1370. This Court agrees with the district court's opinion in *Kinsey* and with the Texas Court of Appeals decision in *Main Rusk Associates.*

While a court should begin with the presumption that state courts enjoy concurrent jurisdiction, Congress may confine jurisdiction either explicitly or implicitly. *Gulf Shore Corp. v. Mobil Oil Corp.,* 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). A presumption of concurrent jurisdiction can be rebutted by "(1) an explicit or implicit statutory directive, (2) an unmistakable implication from legislative history, or (3) a clear incompatability between state court jurisdiction and federal interest." *Main Rusk Associates,* 699 S.W.2d at 306, citing *Gulf Shore Corp.,* 453 U.S. 473, 478, 101 S.Ct. 2870, 2875.

Analyzing RICO's statutory scheme, the *Kinsey* court found ample support militating in favor of exclusive federal jurisdiction:

*See* 18 U.S.C. § 1961 (predicate acts defined in terms of substantive federal crime); § 1963 (criminal prosecutions exclusively federal by unmistakable implication); § 1965 (extended venue and process provisions applicable only in federal courts); § 1966 (only United States Attorney empowered to act thereunder); § 1967 (limited to actions involving the United States); and § 1968 (only Attorney General may act thereunder); On the

---

3. While the Seventh Circuit refused to address the issue, the court nonetheless voiced its doubts whether RICO jurisdiction is exclusively federal, "[p]articularly in light of the normal presumption that state courts share concurrent jurisdiction over federal statutes ..." *County of Cook v. Midcon Corp.,* 773 F.2d 892, 905 n. 4 (7th Cir.1985).

4. Both courts found the lack of Congressional directive on the issue no indication of its intent to make RICO jurisdiction exclusively federal. Indeed, the district court in *Luebke v. Marine National Bank of Neenah,* 567 F.Supp. 1460, 1462 (E.D.Wis.1983) concluded that the presumption of concurrent jurisdiction controls absent a specific Congressional pronouncement.

other hand, if one views RICO narrowly, and focuses instead only on the section affording the citizenry a private right of action; *i.e.* § 1964(c), there is absolutely nothing in the statutory language which would direct a conclusion of either exclusivity or concurrence. Nor is such legislative history as is available particularly helpful. *See* 1970 *Code Cong. & Ad. News*, p. 4007 *et seq.*

*Kinsey*, 604 F.Supp. at 1370.

■ Agreeing with the *Kinsey* Court, this Court will also refuse to "dissect ... [RICO's] statutory scheme, select one narrow provision ..., and determine with respect to that one provision [that] congressional silence is the equivalent of an affirmative grant of [concurrent] jurisdiction ..." *Id.* at 1370, 1371. Accordingly, the Court hereby ORDERS Plaintiff's RICO claim and Defendant's second counterclaim dismissed without prejudice.[5]

## PLAINTIFF'S STATE CLAIMS AND DEFENDANT'S STATE COUNTERCLAIMS

Aside from his RICO allegation, Plaintiff lodged three Texas claims against Defendant including breach of contract, deceptive trade practices (Tex. Bus. & Comm. Code, §§ 17.46(b)(23) and 17.50 (1986)) and a violation of the Texas Free Enterprise and Antitrust Act (Tex. Bus. & Comm. Code, § 15.05(a) (1986)). Defendant filed two additional counterclaims alleging Plaintiff raised his deceptive trade practice and antitrust claims in bad faith. Dismissal of Plaintiff's RICO claim and Defendant's related second counter-claim leaves open the proper disposition of the parties' remaining counts.

■ Defendant properly removed this lawsuit pursuant to 28 U.S.C. § 1441 which authorizes removal of any action based on a claim or right arising under federal law.[6] Despite having dismissed Plaintiff's RICO claim under the derivative jurisdiction doctrine, the Court concludes it has jurisdiction to entertain the remaining state claims. Once a federal court acquires jurisdiction of a case on removal, it also acquires jurisdiction over pendent state law claims, despite the need to dismiss the federal law claim under the principle of derivative jurisdiction. *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 580 (N.D.Ca.1981) *aff'd in part, rev'd in part*, 731 F.2d 1423, 1430 (9th Cir.1984).[7]

■ Since Plaintiff's RICO and state claims have a common nucleus of operative facts, jurisdiction over the remaining state claims rests upon this Court's discretionary exercise of pendent jurisdiction. *See United Mine Workers of America v. Gibbs*, 383

5. With respect to Defendant's second counterclaim alleging Plaintiff filed his RICO claim in bad faith, "if the principal claim is dismissed because there was never jurisdiction over it, then the ancillary claim must likewise be dismissed as never having been within the Court's jurisdiction." *IFMC Professional, Etc. v. Latin Am. Home Health*, 676 F.2d 152, 159, n. 12 (5th Cir.1982). Notwithstanding the Court's inability to pass upon Plaintiff's RICO claim, the Court notes, as gratuitous dicta that Plaintiff's RICO pleading falls well short of that acceptable under applicable law and the federal rules.

6. "A state suit that is within exclusive jurisdiction may be removed. But because of the derivative theory of removal jurisdiction, want of jurisdiction is not cured by the removal ..." 7B J. MOORE, J. LUCAS, & K. SINCLAIR, MOORE'S FEDERAL PRACTICE ¶ 89–11 at JC–680 and n. 12 (2d. Ed.1986).

7. The district court in *Salveson* found removal proper based upon Plaintiff's claim charging Defendants with conspiring to violate the state Cartwright Act by restraining and monopolizing trade. Dismissing that claim without prejudice the Court deemed itself bound by the derivative jurisdiction principle construing Plaintiff's pleading as essentially asserting a Sherman Act claim. Classifying the case as a classic instance of artful pleading, the Court concluded Plaintiff had sought to escape a prior federal district court's dismissal of his Sherman antitrust case involving substantially the same parties and facts.

The Ninth Circuit reversed the district court, holding that "except for the derivative jurisdiction principle, there would be no reason not to apply prejudice to a dismissal under res judicata ..." 731 F.2d at 1433. Under the facts of the case, the Ninth Circuit found the total derivative doctrine inapplicable and directed the district court to dismiss Plaintiff's Cartwright Act claim with prejudice.

U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Because the state issues were removed as ones within pendent jurisdiction, "the discretionary element that inheres in that doctrine allows remand of nonfederal issues." *IMFC Professional, Etc. v. Latin Am. Home Health,* 676 F.2d 152, 160 (5th Cir.1982). In exercising its discretion some of the factors the district court should consider are "whether the federal claims were dismissed before trial, whether the state claims predominate, whether the state claims are closely tied to questions of federal policy, and whether the jury is likely to be confused by the treatment of divergent legal theories of relief." *In Re Carter,* 618 F.2d 1093, 1104–05 (5th Cir.1980). Applying these factors, the Court concludes remanding the remaining counts is well within its discretion. Accordingly, the Court hereby REMANDS Plaintiff's FIRST, SECOND and THIRD causes of action and Defendant's FIRST and THIRD counterclaims to the 138th Judicial District Court of Cameron County, Texas.