**Mario Z. VARELA, Plaintiff,**

v.

**MORTON/SOUTHWEST COMPANY, Defendant.**

**No. SA–87–CA–1206.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 11, 1988.

Frank Herrera, Jr., San Antonio, Tex., for plaintiff.

Jerry A. Gibson, San Antonio, Tex., for defendant.

## ORDER

H.F. GARCIA, District Judge.

Plaintiff Mario Z. Varela instituted this action in state court alleging that he was unlawfully terminated from his employment with defendant Morton/Southwest Company because of his age (Title 29 U.S.C. Section 621 et seq.) and race or national origin (Title 42 U.S.C. Section 2000e et seq. [Title VII] and Title 42 U.S.C. Section 1981), and as a result of defamatory statements made by defendant. Morton/Southwest removed the case to federal district court under Title 28 U.S.C. Section 1441(a) as one of which this Court has original jurisdiction, and has now filed a motion for partial summary judgment on the Title VII claim. The motion alleges that the state court did not have jurisdiction of the Title VII claim, and that, therefore, this Court acquired none upon removal. Having reviewed the pleadings, the argument of counsel, and the applicable law, this Court is of the opinion the motion should be granted.

After being terminated from his employment Varela filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging age and national origin discrimination. The EEOC made its determination and issued notice of Varela's right to sue. After Varela received the notice he filed this action in state court. Morton/Southwest was served and timely filed the petition for removal.

It is well-settled that the jurisdiction of a federal court over a case removed from state court is derivative in nature. If the state court lacks jurisdiction over the lawsuit, the federal court acquires none through removal even though it would have had jurisdiction had the case been filed in federal court originally. *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437–438 (5th Cir.1984). *Broadway v. San Antonio Shoe Co.*, 643 F.Supp. 584, 585 (S.D.Tex.1986). *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex. 1979). If the case is one of which federal courts have exclusive jurisdiction, the state court could not have original jurisdiction and, therefore, no jurisdiction exists in federal court after removal, and the lawsuit must be dismissed. *Broadway*, 643 F.Supp. at 585. *Friedrich*, 467 F.Supp. at 1012. Morton/Southwest argues that federal courts have exclusive jurisdiction over Title VII lawsuits. If this is true, this Court has no jurisdiction over Varela's removed Title VII claim.

The United States Supreme Court has not decided whether jurisdiction to entertain Title VII claims is limited to federal courts. *Kremer v. Chemical Construction Company*, 456 U.S. 461, 479 n. 20, 102 S.Ct. 1883, 1896 n. 20, 72 L.Ed.2d 262 (1982). Neither has any Fifth Circuit opinion addressing this issue been found. Prior

to *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984) (*Valenzuela I*), no federal circuit courts had decided the question. The state courts and federal district courts that had considered the issue had reached conflicting conclusions. In *Valenzuela I*, a case with the same relevant facts as the case at bar, the Ninth Circuit held that federal courts possess exclusive jurisdiction over Title VII actions. The district court's dismissal of the removed Title VII claim was affirmed. In *Jones v. Intermountain Power Project*, 794 F.2d 546, 553 (10th Cir.1986), the Tenth Circuit, without discussing its reasoning, cited *Valenzuela I* in holding that Title VII claims can only be filed in federal court. The Third Circuit has now also held that federal jurisdiction in these cases is exclusive. *Bradshaw v. General Motors Corp.*, 805 F.2d 110, 112 (3rd Cir.1986).

 The weight of authority, therefore, supports the position of Morton/Southwest that state courts do not exercise concurrent jurisdiction with federal courts in Title VII cases. Although section 2000e–5(f)(3) does not state that federal jurisdiction is exclusive, the legislative history of Title VII as well as its reference to other federal rules for appeal and injunctive relief indicate that such actions were intended to be filed only in federal court. *Valenzuela*, 739 F.2d at 435–436. Since Varela's lawsuit was originally filed in state court, where jurisdiction was lacking over the Title VII claim, this Court derived no jurisdiction over that claim upon removal. The state court did have jurisdiction to hear the age discrimination and section 1981 claims. *See,* Title 29 U.S.C. Sections 626(b) and 216(b). *Bradshaw*, 805 F.2d at 112–113. Therefore, those causes of action were removable and are properly before this Court, as are the pendent state claims. The Title VII claim must, however, be dismissed.

IT IS SO ORDERED.